Brinks, Inc., Purolator Courier Corp., Purolator Security, Inc. and Protective Motor Service Company, Appellants, v. Pennsylvania Public Utility Commission, Appellee, and Federated Security, Inc., Intervening Appellee.

Submitted on briefs September 16, 1974, to President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*James W. Patterson,* with him, of counsel, *Morgan, Lewis & Bockius,* for appellants.

*Melville G. M. Walwyn,* Assistant Counsel, with him *Edward Munce,* Counsel, for appellee.

*Jerome Solomon,* for intervening appellee.

OPINION BY JUDGE CRUMLISH, JR., November 25, 1974:

Before us is a motion filed by the Pennsylvania Public Utility Commission (PUC) to quash Brink's, Inc., Purolator Courier Corp., Purolator Security, Inc., and Protective Motor Service Co.'s (hereinafter referred to collectively as "Appellant"), appeal from an order of P.U.C., dated March 5, 1974, which denied Appellant's petition to modify and rescind a short form order entered by it on August 17, 1973.

Since the dates and actions attendant thereto are controlling, we recite them. On October 21, 1970, Federated Security, Inc. (Intervening Appellee) filed an application with P.U.C. in which it requested a certificate of public convenience to transport monies, bullions, securities and other valuables as a common carrier to points within 150 miles of the City of Pittsburgh. Protests were duly filed by Appellant, and following a hearing on the application, P.U.C., on August 17, 1973, issued a short form order conditionally approving the application. Appellant was served notice of this order on September 7, 1973, and on September 27, 1973, it filed a petition for rescission or modification of the short form order in which it also requested an oral argument and supersedeas thereon. By order dated March 5, 1974, P.U.C. denied the prayers of the petition, and proper service of the order was made on Appellant on March 7, 1974. Appellant thereupon timely filed the instant appeal with this Court on April 5, 1974. On July 10, 1974, P.U.C. filed the instant motion to quash or dismiss, and on July 25, 1974, when Appellant failed to file an answer, the motion was

granted. Appellant then applied for reconsideration and sought to vacate the quashal. We vacated our order and now before us is the motion to quash.

Of critical significance in our consideration of the question of the justiciability of this appeal is the import of our recent holding in *Purolator Courier Corp. v. P.U.C.*, 13 Pa. Commonwealth Ct. 444, 319 A. 2d 688 (1974). There we held that Section 502 of the Appellate Court Jurisdiction Act (ACJA), Act of July 31, 1970, P.L. 673, *as amended*, 17 P.S. §211.502 (Supp. 1974-1975), repealed as inconsistent that portion of Section 1101 of the Public Utility Law,[1] 66 P.S. §1431 (Supp. 1974-1975), which measured the thirty day appeal period to this Court from "the *service* of any order by the commission", in contradistinction to "within thirty days of its entry" as set forth in Section 502 of ACJA. P.U.C. entered its short form order conditionally approving the certificate of convenience at A.92573F.4 on August 17, 1973, and appellant was given formal service of the filing of the order on September 7, 1973.[2] Appellant therefore had until September 17, 1973,[3] to file its appeal.

---

[1] Act of May 28, 1937, P.L. 1053, *as amended*, 66 P.S. §1101 et seq.

[2] A second order was served on appellant on September 10, 1973, correcting Intervening Appellee's name from Federated Detective Bureaus, Inc., to Federated Security, Inc. to reflect its change in corporate name during the pendency of the application. As our subsequent discussion will indicate, the date of service is only relevant to the running of the fifteen day limitations period under Section 1006 of the Public Utility Law, 66 P.S. §1396, and appellant did not file a Section 1006 petition within fifteen days of service of either order.

[3] "When any period of time is referred to in any statute, such period in all cases . . . shall be so computed as to exclude the first and include the last day of such period. Whenever the last day of any such period shall fall on . . . Sunday . . . such day shall be omitted from the computation." Statutory Construction Act of

Instead of appealing this short form order, Appellant, on September 27, 1973, filed a petition for rescission or modification and further hearing with P.U.C. under Section 1007 of the Public Utility Law, 66 P.S. §1397, and thereafter timely appealed P.U.C.'s` denial of this petition. P.U.C. and Intervening Appellee argue that the petition for modification was untimely as measured by the fifteen day limitation period provided by Section 1006, 66 P.S. §1396, which relates to petitions for rehearings, and that by allowing this appeal Appellant could circumvent the periods of limitation imposed by Sections 1006 and 1101.

We agree with the latter assertion and, accordingly, quash the appeal.

There is no question but that a proper Section 1007 petition may be filed at any time after the entry of a short form order, and that an appeal lies under Section 1101 from P.U.C.'s refusal to rescind or modify a previous order under Section 1007. *Crooks v. Pennsylvania Public Utility Commission,* 1 Pa. Commonwealth Ct. 583, 276 A. 2d 364 (1971); *Department of Highways v. Pennsylvania Public Utility Commission,* 197 Pa. Superior Ct. 350, 178 A. 2d 820 (1962). It is equally clear, however, that a Section 1007 petition for rescission or modification "may not be used to circumvent the time limitation for seeking a rehearing under Section 1006, 66 P.S. §1396, or the taking of an appeal under Section 1101, 66 P.S. §1306. Department of Highways v. Pennsylvania Public Utility Commission, supra." *Department of Transportation v. P.U.C.,* 3 Pa. Commonwealth Ct. 554, 559, 284 A. 2d 330, 333 (1971). *See also Beaver Valley Water Company v. Pennsylvania Public Utility Commission,* 140 Pa. Su-

---

1972, 1 Pa. S. §1906. The thirtieth day here was September 16, 1973, a Sunday, and therefore the appeal period was extended another day.

perior Ct. 297, 14 A. 2d 205 (1940). The proper function of a Section 1007 petition is to allow P.U.C. to reconsider a previous order in the light of newly discovered evidence or a change in circumstances. *Crooks v. Pennsylvania Public Utility Commission, supra.*

In reviewing Appellant's petition for modification or rescission, we find no allegation of the presence of new evidence or of a change in circumstances which would justify modification. Instead Appellant alleged in its petition that the short form order was arbitrary and capricious, and unsupported by the evidence—all contentions which could and should properly be made in a Section 1006 rehearing or on an appeal to this Court. For us to now consider these contentions on appeal from the denial of its Section 1007 petition would effectively allow Appellant to circumvent the Section 1006 fifteen day and Section 1001 thirty day periods of limitation, and would vitiate the express holding of *Department of Transportation v. P.U.C., supra.*

Appellant in further pursuit of its cause, argues that P.U.C. should be estopped from now contending that Appellant's modification petition was untimely or that it was in reality a Section 1006 rehearing petition because P.U.C. had waived these objections when it accepted the petition on September 27, 1973, and thereafter issued a long form order when Appellant filed its appeal in this Court. Appellant cites, *inter alia, Wolfsohn v. Hankin,* 376 U.S. 203 (1964) ; *Thompson v. Immigration and Naturalization Service,* 375 U.S. 384 (1964), and *Christiansen v. Zoning Board of Adjustment,* 1 Pa. Commonwealth Ct. 32, 271 A. 2d 889 (1970) in support of its position that P.U.C. "lulled it into a false sense of security" by accepting its petition as an appropriate pleading at a time when it could have otherwise filed a valid petition. In these cases each filing, although defective, was made prior to the

expiration of the statutory appeal period, and had the appellant in these cases been properly notified of its defective filing, adequate time remained in which to effect a proper filing. Here, Appellant's petition, irrespective of its nomenclature, was filed on September 27, 1973, which was more than fifteen days after service of the short form order for purposes of a Section 1006 rehearing, and more than thirty days after entry of the short form order for purposes of an appeal to this Court under Section 1101. Since Appellant has not alleged fraud or a breakdown in P.U.C.'s operations as a result of the conduct of its officers, its petition was untimely, and the appeal therefrom must be quashed. *See Pittsburg v. P.U.C.*, 3 Pa. Commonwealth Ct. 546, 284 A. 2d 808 (1971).

P.U.C.'s motion to quash is hereby granted and this appeal is dismissed.