Commonwealth of Pennsylvania, Pennsylvania Public Utility Commission and Interstate Energy Company, Intervening Appellee, *v.* Reading Company, Debtor, Appellant.

Argued September 8, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Joseph M. O'Malley,* for appellant.

*Jay Rosenbush,* with him *Phillip R. Mann, Edward Munce,* Counsel, and *Peter W. Brown,* Chief Counsel, for appellee.

*Peter Platten,* with him, of counsel, *Ballard, Spahr, Andrews & Ingersoll,* for intervening appellee.

OPINION BY JUDGE WILKINSON, October 9, 1975:

This matter is before us on a motion to quash. The issue is a narrow one and turns on whether a petition timely filed by appellant before the Pennsylvania Public Utility Commission, entitled "Petition of . . . for Rehearing, Reargument, Modification and Rescission of the Commission's order of November 12, 1974" was in fact and law a petition for "Rehearing and Reargument, Modification and Rescission" or merely a petition for "Modification and Rescission." The point, through narrow and at first impression technical, is critical, for a petition for rehearing under Section 1006 of the Public Utility Law, Act of May 28, 1937, P. L. 1053, *as amended,* 66 P.S. §1396, invokes the provision of Section 1101 of the Public Utility Law, 66 P. S. §1431, extending the time for appeal to be timely filed if filed within 30 days after the entry of the order refusing the petition, referred to in the Public Utility Law as an application. On the other hand, a petition for modification and rescission is filed under the provisions of Section 1007 of the Public Utility Law, 66 P. S. §1397, and does not extend the time for appeal.

The facts here involved, as they relate to the motion to quash and as succinctly stated in appellant Reading

Company's history of the case, are that on November 12, 1974, the Public Utility Commission issued its order with an entry date of November 18, 1974, approving intervening appellee's applications. Within 15 days of the entry of this order, appellant filed the petition here in dispute. Appellee filed a motion with the Commission to quash the petition on the ground, *inter alia,* that it was not a proper petition for rehearing. On February 7, 1975, with the exception of minor modifications not here important, the Public Utility Commission refused the appellant's petition. On March 5, 1975, appellant filed this appeal from the Public Utility Commission's order of November 12, 1974. This appeal from the November 12, 1974 order would be timely if the petition in question were properly characterized as being one for rehearing and would be untimely filed if merely for amendment and rescission. We must hold that it is properly characterized as only a petition for amendment and rescission and, therefore, must grant the motion to quash.

Cases involving whether a petition is properly one for rehearing or merely for amendment and rescission have been before this Court when the petitioner desired it to be considered one for amendment and rescission and the respondent asserted it to be in actuality a petition for rehearing. In those cases, the petition in question has been filed more than 15 days beyond the date of the service of the order and, therefore untimely as one for rehearing. *See Department of Transportation v. P.U.C.,* 3 Pa. Commonwealth Ct. 554, 284 A.2d 330 (1971). Such is not the case here, for the petition was filed within the 15-day period.

The petition in question does not allege that there is new or even further cumulative evidence to present and, of course, could not allege why it was not available at the time of the hearing. A petition for rehearing presupposes the offering of additional testimony of some

sort. *See Bucks County Board of Commissioners v. Pennsylvania Public Utility Commission,* 11 Pa. Commonwealth Ct. 487, 313 A.2d 185 (1973).

Two points are of considerable persuasion although neither is controlling. Appellant, in its petition, does not specify or identify under which section or sections of the Act it is filing its petition. Further, the prayer of the petition, quoted completely, is:

> "WHEREFORE, petitioners pray that your Honorable Commission rescind the order adopted November 18, 1974 and dismiss the application for lack of jurisdiction. Petitioners are prepared to attend further hearings and arguments on the items raised in this petition."

Significantly, it does not pray that the record be opened and additional testimony admitted, nor does it pray for a further hearing. Importantly, it does not state that if a further hearing is held, appellant will present any testimony much less identify such testimony. Indeed, it merely states that appellant is prepared to attend further hearings and arguments. Surely, such a prayer of a petition cannot seriously be characterized as asking for a rehearing.

Appellant argues that since the appellee had filed a motion with the Public Utility Commission to dismiss the petition because it could not be considered as in proper form to request a rehearing and the Commission did not grant the motion to dismiss, but rather dismissed the petition on its merits, the Commission must have considered it as a proper petition for rehearing. Not so. The Commission need not have considered the motion to dismiss on procedural grounds when it dismissed the petition on the merits. Here, we do not have the merits before us, but only the procedural question.

The appellant's reliance on *Brinks, Inc. v. Pennsylvania Public Utility Commission,* 16 Pa. Commonwealth Ct. 300, 328 A.2d 582 (1974), is misplaced. In *Brinks,*

338

the appellant asserted that the petition filed with the Commission more than 15 days after the entry of the order and, therefore, too late to be one for rehearing, was one for amendment and rescission which can be filed at any time. However, it then wanted to have the Commission reconsider its original order as though it were a petition for rehearing. It is to that point that Judge CRUMLISH spoke when he said that the appellant was raising the arbitrary and capricious nature of the short form order which should be raised on a petition for rehearing *or* on an appeal to this Court. These issues could have been raised on a petition for rehearing in *Brinks* and in the instant case if, but only if, new evidence was alleged in the petition. Lacking that new evidence, the alleged arbitrary and capricious nature of the order in both *Brinks* and this case must be raised on appeal taken within the time limit which is not extended by a pending petition for amendment and rescission. This is the holding of *Brinks* and is our holding here.

Accordingly, we enter the following

ORDER

Now, October 9, 1975, intervening appellee's motion to quash is granted and this appeal dismissed.