Application of Commonwealth Telephone Company.

Appeal of Mobilfone of Northeastern Pennsylvania, Inc. *v.* Pennsylvania Public Utility Commission and Commonwealth Telephone Company, Intervening Appellee.

Mobilfone of Northeastern Pennsylvania, Inc., Appellant.

Argued March 1, 1976, before President Judge Bow-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., and BLATT. Judges MENCER and ROGERS did not participate.

*Robert E. Yetter,* with him *Metzger, Wickersham, Knauss & Erb,* for appellant.

*William T. Hawke,* Assistant Counsel, with him *Edward J. Morris,* Counsel, for appellee.

*Bernard A. Ryan, Jr.,* with him *Dechert, Price & Rhoads,* for intervening appellee.

OPINION BY JUDGE WILKINSON, April 5, 1976:

On October 13, 1972, intervening appellee filed an application with the Public Utility Commission (PUC) for a certificate of public convenience to operate a radio paging service in a specified geographic area. Ted Ehrhardt, t/a Telephone Answering Exchange, filed a pro-

test. Following a hearing, briefs and oral arguments, on July 9, 1974, the PUC approved the application and ordered a certificate of public convenience be issued to intervening appellee.

On July 24, 1974, appellant, successor in interest to the original protestant, filed with the PUC a document captioned "Petition of Mobilfone of Northeastern Pennsylvania, Inc., and Ted Ehrhardt, the Telephone Answering Exchange, for Reconsideration and Revocation of Order". The petition states that it is filed pursuant to Sections 1006 and 1101 of the Public Utility Law of 1937, Act of May 28, 1937, P. L. 1053, *as amended,* 66 P.S. §§1396, 1431. Appellant's petition requested that the PUC:

> "a. Reconsider the evidence in this case and, after reconsideration, revoke its Order of July 9, 1974, and enter an Order denying the Application.

> "b. In the alternative, grant Petitioners the right to reargue the points cited above orally before your Honorable Commission."

An answer was filed by intervening appellee on August 2, 1974. By letter dated September 15, 1975, the PUC notified appellant that the petition was denied. On October 6, 1975, appellant filed the instant appeal to this Court. The PUC responded with a motion to quash the appeal.

Section 1006 of the Public Utility Law, 66 P.S. §1396 provides:

> "After an order has been made by the commission, any party to the proceedings may, within fifteen days after the service of the order, apply for a rehearing in respect of any matters determined in such proceedings and specified in the application for rehearing, and the commission may grant and hold such rehearing on such matters. No application for a rehearing shall in anywise operate as a supersedeas, or in any manner stay or postpone the enforcement of any

existing order, except as the commission may, by order, direct. If the application be granted, the commission may affirm, rescind, or modify its original order. Any order so made after such rehearing shall have the same force and effect as an original order." Section 1007 of the Public Utility Law, 66 P.S. §1397 provides:

"The commission may, at any time, after notice and after opportunity to be heard as provided in the case of complaints, rescind or amend any order made by it. Any order rescinding or amending a prior order shall, when served upon the person, corporation, or municipal corporation affected, and after notice thereof is given to the other parties to the proceedings, have the same effect as is herein provided for original orders; but no such order shall affect the legality or validity of any acts done by such person, corporation, or municipal corporation before service by registered mail upon such person, corporation, or municipal corporation of the notice of such change."

If the petition of July 24, 1974, is held to be an application for rehearing, under Section 1006, the thirty-day appeal limitation of Section 1101(a) of the Public Utility Law, 66 P. S. §1431(a), is tolled and the October 6, 1975 appeal to this Court is timely. If the petition is held to be for reconsideration and revocation under Section 1007 of the Public Utility Law, the thirty-day appeal limitation is not tolled. Since over thirty days elapsed between the order of the PUC granting the application of intervening appellee and the appeal of appellant to this Court, the instant appeal is barred by Section 1101(a).

We are compelled to hold the July 24, 1974 petition is one for reconsideration and revocation and, thus, must quash the instant appeal. The petition fails to allege that there is new or further cumulative evidence to present, which is the basis of a petition for rehearing. *Pennsylvania Public Utility Commission v. Reading Com-*

*pany*, 21 Pa. Commonwealth Ct. 334, 345 A.2d 311 (1975).

The caption and internal characterization of the petition are not decisive of its identity. The instant petition is not properly captioned as one for rehearing, nor as one for reconsideration and revocation. It purports to be filed under the rehearing section, Section 1006. More importantly, however, the prayer for relief does not request that the record be opened for additional testimony or that a further hearing be held. Rather, the relief specifically requested is for reconsideration and revocation and, alternatively, for reargument with no mention of any additional evidence. *Brinks, Inc. v. Pennsylvania Public Utility Commission*, 16 Pa. Commonwealth Ct. 300, 328 A.2d 582 (1974).

We must also reject appellant's contention that the PUC is estopped from questioning the timeliness of this appeal on the basis of having accepted appellant's petition, without objection, while the thirty-day appeal period ran. The PUC did not, by acts, representations, or admissions, intentionally or through culpable negligence, mislead appellant to its prejudice. Nor did the PUC have a duty to speak which it ignored to appellant's detriment. Indeed, both the title of the petition and its prayer for relief indicated that it was a petition for reconsideration and revocation of the order. Now appellant would have us place a duty on the PUC to point out to appellant that it was not a petition for rehearing that would toll the statutory time for appeal. Further, even if the PUC were estopped from raising the thirty-day appeal limit, this Court could and would sua sponte, raise the time limit.

Accordingly, we enter the following

ORDER

Now, April 5, 1976, appellee's motion to quash is granted and this appeal is dismissed.