Application of the Department of Transportation of the Commonwealth of Pennsylvania for approval of the alteration of the crossing where State Highway Route 67045, Section 9 (Vine Street Expressway) crosses above the grade of the tracks of the Broad Street Subway in the City of Philadelphia, and the allocation of the costs and expenses incident.

Pennsylvania Public Utility Commission, Commonwealth of Pennsylvania *v.* Commonwealth of Pennsylvania, Pennsylvania Department of Transportation, Appellant; Philadelphia Electric Company, Intervening Appellee; Bell Telephone Company of Pennsylvania, Intervening Party Appellee; City of Philadelphia, Intervening Party Appellant.

Argued February 1, 1977, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Louis G. Cocheres,* Assistant Attorney General, with him *Herbert G. Zahn,* Assistant Attorney General, and *Robert W. Cunliffe,* Deputy Attorney General, for appellant.

*Candace N. Kreiger,* Assistant Counsel, with her *Edward J. Morris,* Counsel, and *John B. Wilson,* Assistant Counsel, for appellee.

*R. B. Kunkel,* with him *Raymond F. Scully,* for intervening appellee, Bell Telephone Company.

*Rudolph A. Chillemi,* with him *Edward G. Bauer, Jr.,* and *Eugene J. Bradley,* for intervening appellee, Philadelphia Electric Company.

OPINION BY JUDGE BLATT, March 23, 1977:

The Pennsylvania Department of Transportation (PennDOT) has appealed to this Court from a denial by the Pennsylvania Public Utility Commission (PUC) of its petition "for a clarification and modification of orders." The intervening appellees[1] have filed motions to quash the appeal as having been untimely taken.

In 1972, PennDOT filed an application with the PUC which requested its approval of a plan for the alteration of Vine Street in the City of Philadelphia. On April 22, 1973, the PUC entered a 23-page "Interim Order" which approved the project and provided that a future order would issue allocating the costs and future maintenance of the project. No appeal was taken from this order. On March 31, 1975, pursuant to PennDOT's request, the PUC entered a 20-page order which, in part, allocated the costs of the project. Instead of filing an appeal from the entry of this order pursuant to Section 1101(a) of the Public Utility Law[2] (Law), 66 P.S. §1431(a), PennDOT, on April 16, 1975, filed a petition "for clarification and modification of orders" with the PUC. The PUC subsequently held a hearing and, on May 12, 1976, entered an order which denied the petition. This appeal followed.

---

[1] Philadelphia Electric Company and The Bell Telephone Company of Pennsylvania.

[2] Section 1101(a) of the Act of May 28, 1937, P.L. 1053, *as amended,* provides that appeals must be taken within thirty days of the entry of the Commission's order. *Purolator Courier Corp. v. Public Utility Commission,* 13 Pa. Commonwealth Ct. 444, 319 A.2d 688 (1974).

The narrow issue before us is whether or not Penn-DOT's petition was, as it claims, in fact and in law a petition for rehearing under Section 1006 of the Law, 66 P.S. §1396, which provides, in part, as follows:

After an order has been made by the commission, any party to the proceedings may, within fifteen days after the service of the order, apply for a rehearing in respect of any matters determined in such proceedings and specified in the application for rehearing, and the commission may grant and hold such rehearing on such matters. No application for a rehearing shall in anywise operate as a supersedeas, or in any manner stay or postpone the enforcement of any existing order, except as the commission may, by order, direct. If the application be granted, the commission may affirm, rescind, or modify its original order. Any order so made after such rehearing shall have the same force and effect as an original order.

If the petition was an application for rehearing, then the appeal period provided in Section 1101(a) of the Law was tolled and PennDOT's appeal to this Court is timely; if not, the running of the appeal period was not tolled and this appeal is untimely. *Mobilfone, Inc. v. Public Utility Commission,* 24 Pa. Commonwealth Ct. 243, 355 A.2d 611 (1976).

It is clear that the basis for a petition for rehearing is an allegation that there is new or further cumulative evidence to present. *Mobilfone, Inc., supra.*

The petition in question does not allege that there is new or even further cumulative evidence to present and, of course, could not allege why it was not available at the time of the hearing. *A petition for rehearing presupposes the offering of additional testimony of*

*some sort.* See Bucks County Board of Commissioners v. Pennsylvania Public Utility Commission, 11 Pa. Commonwealth Ct. 487, 313 A.2d 185 (1973). (Emphasis added.) *Public Utility Commission v. Reading Co.,* 21 Pa. Commonwealth Ct. 334, 336-337, 345 A.2d 311, 312 (1975). As in *Reading Co., supra,* the petition filed here does not specify or identify the section or sections of the Law under which it was filed and

> [s]ignificantly, it does not pray that the record be opened and additional testimony admitted, nor does it pray for a further hearing. Importantly, it does not state that if a further hearing is held, appellant will present any testimony much less identify such testimony. Indeed, it merely states that appellant is prepared to attend further hearings and arguments. Surely, such a prayer of a petition cannot seriously be characterized as asking for a rehearing.

*Reading Co., supra,* 21 Pa. Commonwealth Ct. at 337, 345 A.2d at 313.

PennDOT's petition alleged, in substantial part, that the PUC's findings were not supported by the evidence and testimony, that its orders were in excess of its statutory authority, and otherwise illegal and unconstitutional. These allegations clearly go to the merits of the PUC's orders. We believe, therefore, that the PennDOT petition was not an application for rehearing pursuant to Section 1006 of the Law, and that it did not toll the statutory time period for taking an appeal.

PennDOT argues further that, because the PUC held a hearing and dismissed PennDOT's petition on its merits, the petition was treated by the PUC as an application for rehearing and we must also regard it as such. This, however, is not the law. *Reading Co.,*

*supra.* Moreover, the PUC had no duty to point out to PennDOT that its petition was not an application for rehearing that would toll the statutory time for appeal. *Mobilfone, Inc., supra.*

We hold, therefore, that PennDOT's petition was not an application for rehearing pursuant to Section 1006 of the Law and that Section 1101(a) of the Law bars the instant action. We will enter an order granting the motions to quash.

ORDER

AND Now, this 23rd day of March, 1977, the appellees' motions to quash the appeal of the Pennsylvania Department of Transportation, dated May 28, 1976, are granted and the appeal is dismissed.