Herman P. Abramson, Receiver for Ge-Co Cab, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Public Utility Commission, Respondent.

Argued January 31, 1977, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Herbert Somerson*, for petitioner.

*Allison K. Turner*, Assistant Counsel, with her *Barnett Satinsky*, Acting Chief Counsel, for respondent.

OPINION BY JUDGE MENCER, April 6, 1977:

In this case, we are called upon once again to examine the difference between a petition for rehearing and a petition for rescission or amendment of order under the Public Utility Law[1] (Act). At first view, it may seem that only a semantical purist would consider the distinction to be of importance, but, upon closer examination, it becomes clear that the difference is critical here, and we are compelled to quash this appeal.

On May 14, 1976, the Public Utility Commission (PUC) entered a final order canceling the certificate of public convenience and imposing other penalties on Ge-Co Cab, Inc. On May 27, Herman P. Abramson, receiver for Ge-Co Cab, Inc. (receiver), filed what was labeled "Petition for Rehearing," which indicated that a receiver had been appointed and alleged errors of law by the PUC. The petition requested a "reconsideration of the [PUC's] Order," "the opportunity to expound on the nature of the evidence, the penalties to be imposed and the disposition of the complaints," and "the opportunity to present his views on behalf of the corporation." On July 16, the PUC entered an order adopted on July 7 denying the "Petition for Rehearing," which it treated as one for reconsideration. On July 15,[2] the receiver filed a petition for review of the order entered on May 14. There-

---

[1] Act of May 28, 1937, P.L. 1053, *as amended*, 66 P.S. §§1101-2211.

[2] Both parties refer to July 16 as the date of the petition despite the fact that it is stamped as received by this Court on July 15.

after, the PUC filed a motion to quash this petition, asserting that it was untimely.

The PUC's argument is based on Section 1101(a) of the Act, 66 P.S. §1431(a),[3] which provides:

> Within thirty days after the service of any order by the commission,[4] *unless an application for a rehearing may be pending,* and then within thirty days after the service of the order refusing such application, or the service of an order modifying, amending, rescinding, or affirming the original order, any party to the proceedings affected thereby may appeal therefrom. (Footnote and emphasis added.)

If the receiver's petition of May 27 was in fact one for rehearing under Section 1006 of the Act, 66 P.S. §1396, his petition for review was timely; however, if the petition was actually one for rescission or reconsideration under Section 1007 of the Act, 66 P.S. §1397, as the PUC has argued, the appeal period had expired. *See Mobilfone, Inc. v. Public Utility Commission,* 24 Pa. Commonwealth Ct. 243, 355 A.2d 611 (1976). The PUC has argued further that the time limitation was not extended by regulations in the Pennsylvania Code. We agree with the PUC that the petition of May 27 was not, in fact, one for rehearing. Since the receiver's argument on the regulations is equally unconvincing, we grant the PUC's motion to quash.

The determination that this was not a petition for rehearing is mandated by our decisions in *Mobilfone,*

---

[3] This section has been suspended in part by the Pennsylvania Rules of Appellate Procedure, effective July 1, 1976, but the determinative dates here precede July 1.

[4] We have held that, following the enactment of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended,* 17 P.S. §§211.101-.510, entry and not service of an order will begin the appeal period. *Purolator Courier Corp. v. Public Utility Commission,* 13 Pa. Commonwealth Ct. 444, 319 A.2d 688 (1974).

514

*supra,* and *Public Utility Commission v. Reading Co.,* 21 Pa. Commonwealth Ct. 334, 345 A.2d 311 (1975). In *Mobilfone,* the petition was labeled as one for "reconsideration and revocation of order" but stated that it was filed under Sections 1006 (the rehearing section) and 1101 of the Act. The prayer was for a reconsideration of the evidence and, alternatively, a right to reargue. Speaking for this Court, Judge WILKINSON stated:

> The petition fails to allege that there is new or further cumulative evidence to present, which is the basis of a petition for rehearing. Pennsylvania Public Utility Commission v. Reading Company, 21 Pa. Commonwealth Ct. 334, 345 A.2d 311 (1975).
>
> The caption and internal characterization of the petition are not decisive of its identity.... [T]he prayer for relief does not request that the record be opened for additional testimony or that a further hearing be held.

24 Pa. Commonwealth Ct. at 246-47, 355 A.2d at 613. In *Reading Company,* the petition was entitled as one for "rehearing, reargument, modification and rescission," but the contents, including the prayer, addressed only rescission or reconsideration. This Court granted motions to quash in both *Reading Company* and *Mobilfone,* since appeals were not taken within 30 days of entry of the PUC's orders.

Here, the fact that a receiver has been appointed does not constitute the kind of new evidence required under *Mobilfone, supra,* in a petition for rehearing. Just as in *Reading Company, supra,* we must look past the caption to decide the kind of petition that is involved. The receiver has argued that the request to "expound on the nature of the evidence" in the petition is actually a request for a rehearing. The dictionary defines "expound" in such terms as "to set

forth," "to defend with argument," "to . . . comment on," and "to make a statement : present a view." *Webster's Third New International Dictionary* .803 (1966). As with the other requests in the petition, the receiver appears to be asking for a chance to reargue and not for the reopening of the record for additional testimony. *See Mobilfone, supra.* Since the receiver did not file a petition for rehearing under Section 1006 of the Act within 15 days of May 14, 1976, the statutory appeal period expired before the petition for review was filed on July 15.

Finally, the receiver has argued that, by regulation formerly at 1 Pa. Code §35.241(d),[5] the appeal period had not expired when the petition for review was filed. The regulation at Section 35.241(d) was expressly superseded by 52 Pa. Code §3.291,[6] which contains no similar provision purporting to extend

---

[5] Section 35.241(d) provides:

*Action on.* Unless the agency head acts upon the application for rehearing or reconsideration within 30 days after it is filed, such application shall be deemed to have been denied. The denial of rehearing or reconsideration, whether by action or inaction of the agency head, shall constitute the adoption of a fresh order for the purposes of computing the time for appeal under section 502 of the Appellate Court Jurisdiction Act of 1970 (17 P.S. §211.502) or under any other statute relating to judicial review of agency action.

The receiver seems to argue that under this regulation the PUC's order was deemed denied 30 days after May 27 and that he had an additional 30 days to appeal, making his petition for review on July 15 timely.

[6] Section 3.291(d) provides:

The provisions of subsections (a) through (c) of this section supersede the provisions of 1 Pa. Code §35.241 (relating to application for rehearing or reconsideration).

The order of the PUC amending its rules of practice and regulations was dated April 7, 1976 and was published April 17, 1976. 6 Pa. B. 911, 912.

516

the period. Whether the effective date of the superseding regulation was April 17, 1976, as contended by the PUC, or June 7, 1976, as submitted by the receiver, the former regulation could be of no help to the receiver where his petition for review was not filed until July 15.

The conclusion here of untimeliness is further supported by our recent decision in *Public Utility Commission v. Department of Transportation*, 29 Pa. Commonwealth Ct. 368, 370 A.2d 1257 (1977).

Therefore, we enter our

ORDER

AND Now, this 6th day of April, 1977, the Pennsylvania Public Utility Commission's motion to quash the appeal of Herman P. Abramson, receiver for Ge-Co Cab, Inc., is granted, and this appeal is dismissed.