489 Pa. 267 (1980)
414 A.2d 60
Herman P. ABRAMSON, Receiver for GE-Co Cab, Inc., Appellant,
v.
COMMONWEALTH of Pennsylvania, PUBLIC UTILITY COMMISSION, Appellee.
Supreme Court of Pennsylvania.
Argued January 22, 1980.
Decided April 30, 1980.
*268 *269 Herbert Somerson, Philadelphia, for appellant.
Allison K. Turner, Asst. Counsel, PUC, Philadelphia, for appellee.
Before EAGEN, C.J., and O'BRIEN, ROBERTS, NIX, LARSEN and FLAHERTY, JJ.

OPINION
NIX, Justice.
This is an appeal from an Order of the Commonwealth Court dismissing a Petition for Review from a Pennsylvania Public Utility Commission Order revoking the Certificate of Public Convenience of GE-Co Cab, Inc., as untimely filed, after the denial of a "Petition for Rehearing."[1]
On June 10, 1975, the Public Utility Commission (P.U.C.) suspended the operating rights of GE-Co Cab, Inc., for one year based upon evidence taken at a hearing concerning a series of complaints filed against the cab company.[2] Other complaints which had been joined for that hearing were taken under advisement. On April 28, 1976, the P.U.C. scheduled those matters for public consideration. The ownership of the cab company was in dispute, however, and the appointment of a receiver by the Philadelphia Court of *270 Common Pleas was scheduled for May 20, 1976. Counsel for the cab company apprised the P.U.C. of that situation and then requested a continuance. The matters were tabled until a May 11, 1976, public meeting. At that meeting, the P.U.C. denied an additional request for continuance and voted to cancel GE-Co Cab, Inc.'s Certificate of Public Convenience thus halting its operation.[3] The cancellation Order was entered on May 14, 1976. On May 26, 1976, appellant, Herman P. Abramson, the court appointed receiver for the cab company, filed a "Petition for Rehearing" with the P.U.C., which was subsequently denied on July 16, 1976. An appeal from the May 14, 1976, P.U.C. Order was taken to the Commonwealth Court on July 25, 1976. By opinion of Judge Mencer, that court quashed the Petition for Review as untimely in that it was not filed within thirty (30) days of the May 14, 1976, P.U.C. Order, as required by the Public Utility Law, Section 1101, Act of May 28, 1937, P.L. 1053, art. XI, § 1101, 66 P.S. § 1431.[4]
Appellant strenuously disputes the decision of the Commonwealth Court on two grounds.[5] First he asserts that the distinction that has been adopted between a "petition for rehearing" and a "petition for modification or rescission" for purposes of 66 P.S. § 1431, is extremely technical and not required by that statute. Second, it is contended, in the alternative, that the characterization of the instant application *271 as a petition for modification or rescission and not for rehearing as it was captioned, was incorrect.
The Public Utility Law establishes the right to petition the P.U.C. for a rehearing.
§ 1396. Rehearing
After an order has been made by the commission, any party to the proceedings may, within fifteen days after the service of the order, apply for a rehearing in respect of any matters determined in such proceedings and specified in the application for rehearing, and the commission may grant and hold such rehearing on such matters. No application for a rehearing shall in anywise operate as a supersedeas, or in any manner stay or postpone the enforcement of any existing order, except as the commission may, by order, direct. If the application be granted, the commission may affirm, rescind, or modify its original order. Any order so made after such rehearing shall have the same force and effect as an original order. 1937, May 28, P.L. 1053, art. X, § 1006. Now 66 Pa.C.S.A. § 703(f).
A party may also request that the P.U.C. alter its earlier order by modification or what has become known as a "Petition for Reconsideration and/or modification or Rescission."[6]Brinks, Inc. et al. v. Pennsylvania, Public Utility Commission, 16 Pa.Cmwlth. 300, 328 A.2d 582 (1974).
§ 1397. Amendment and rescission of orders
The commission may, at any time, after notice and after opportunity to be heard as provided in the case of complaints, rescind or amend any order made by it. Any order rescinding or amending a prior order shall, when served upon the person, corporation, or municipal corporation affected, and after notice thereof is given to the other parties to the proceedings, have the same effect as is herein provided for original orders; but no such order *272 shall affect the legality or validity of any acts done by such person, corporation, or municipal corporation before service by registered mail upon such person, corporation, or municipal corporation of the notice of such change. 1937, May 28, P.L. 1053 art. X § 1007. Now 66 Pa.C.S.A. § 703(g).
The right to appeal from the original order of the P.U.C. or its subsequent decision upon either of the two applications was set forth in pertinent part at 66 P.S. § 1431(a).
§ 1431. Appeals to courts; jurisdiction and practice
(a) Within thirty days after the service of any order by the commission,[7] unless an application for a rehearing may be pending, and then within thirty days after the service of the order refusing such application, or the service of an order modifying, amending, rescinding, or affirming the original order, any party to the proceedings affected thereby may appeal therefrom to the Superior Court.[8]
The distinction between the two petitions for purposes of 66 P.S. § 1431, was first enunciated in Pennsylvania, Public Utility Commission, et al. v. Reading Co., 21 Pa.Cmwlth. 334, 345 A.2d 311 (1975). There the P.U.C. had issued an order granting the applicant the right to construct pipeline facilities crossing below tracks owned by the Reading Railroad Company. The Reading Company filed a "Petition . . for Rehearing, Reargument, Modification and Rescission of the Commission's order . . .," which was denied. A petition for review with the Commonwealth Court followed but was not filed until after thirty days from the original entry of the P.U.C. order. The court explained the necessity for the distinction between a petition for rehearing and modification or rescission as follows:

*273 This matter is before us on a motion to quash. The issue is a narrow one and turns on whether a petition timely filed by appellant before the Pennsylvania Public Utility Commission, entitled "Petition of . . . for Rehearing, Reargument, Modification and Rescission of the Commission's order of November 12, 1974" was in fact and law a petition for "Rehearing and Reargument, Modification and Rescission . . ." The point, though narrow and at first impression technical, is critical, for a petition for rehearing under Section 1006 of the Public Utility Law, Act of May 28, 1937, P.L. 1053, as amended, 66 P.S. § 1396, invokes the provision of Section 1101 of the Public Utility Law, 66 P.S. § 1431, extending the time for appeal to be timely filed if filed within 30 days after the entry of the order refusing the petition, referred to in the Public Utility Law as an application. On the other hand, a petition for modification and rescission is filed under the provisions of Section 1007 of the Public Utility Law, 66 P.S. § 1397, and does not extend the time for appeal. Id., 21 Pa.Cmwlth. at 335, 345 A.2d at 312.
The court concluded that the petition was an application for modification or rescission and not rehearing in that it did not allege "new or even further cumulative evidence" nor did the prayer for relief request the opening of the record for additional testimony. The court was only asked to rescind the order and allow the appellant to appear to raise argument. As such, the court held, the thirty day appeal clock had not been stopped and the subsequent petition for review, having been filed beyond that date, was untimely.
This same analysis was applied more recently in Mobilfone v. Pennsylvania, Public Utility Commission, 24 Pa.Cmwlth. 243, 355 A.2d 611 (1976), to quash an appeal which contested the P.U.C.'s issuance a certificate of public convenience which permitted the operation of a "radio-paging service" within specified portions of seven Pennsylvania counties.
We are compelled to hold the July 24, 1974, petition is one for reconsideration and revocation and, thus, must quash the instant appeal. The petition fails to allege that *274 there is new or further cumulative evidence to present, which is the basis of a petition for rehearing. (citation omitted).
The caption and internal characterization of the petition are not decisive of its identity. The instant petition is not properly captioned as one for rehearing, nor as one for reconsideration and revocation. It purports to be filed under the rehearing section, Section 1006. More importantly, however, the prayer for relief does not request that the record be opened for additional testimony or that a further hearing be held. Rather, the relief specifically requested is for reconsideration and revocation and, alternatively, for reargument with no mention of any additional evidence. (citation omitted). Id., 24 Pa.Cmwlth. at 246-247, 355 A.2d at 613.
The words of 66 P.S. § 1431, are clear on their face as to the creation of an exception for the time in which to perfect an appeal from the denial of an "application for rehearing." No such exception is presented in the text for a modification or rescission petition[9]. We are required to strictly construe this provision. See 1 Pa.C.S.A. § 1921(b). As we state in York v. Pennsylvania, Public Utility Commission, 449 Pa. 136, 152-153, 295 A.2d 825, 834 (1972):
The right of appeal in public utility proceedings is necessarily statutory and the conditions under which this right may be exercised are to be found in the provisions of the law for such appeals. . . . This is particularly true of special statutory appeals from action of administrative bodies.
(Citations omitted, quoting from George Hyam Assoc., Inc. v. Pennsylvania, Public Utility Commission, 199 Pa.Super. 3, 6, 184 A.2d 414, 415 (1962). We are thereby compelled to *275 agree with the necessity for the distinction drawn by the Commonwealth Court.
The required reading of the appellate provision raises the characterization of the instant application to a level of great significance. We agree with those decisions of the Commonwealth Court requiring the reviewing court to look behind the mere title of the paper filed. It is the actual contents and relief sought that are dispositive of whether the papers filed are within the tolling provisions of § 1431. Mobilfone of Pa. v. Pa., P.U.C., supra; Pa., P.U.C. v. Reading Co., supra. See also, Brinks, Inc. et al. v. Pa., P.U.C., supra.
Our reading of the instant petition leads inexorably to the conclusion that it requested reconsideration and not a rehearing. The prayer for relief states in pertinent part:
. . . Petitioner requests the opportunity to expound on the nature of the evidence, the penalties to be imposed and the disposition of the complaints. It is clear that this is the sole responsibility of the Receiver appointed by the Court, and that he should be afforded the opportunity to present his views on behalf of the corporation.
It addressed the substantive issues rather than evidentiary questions. No request was made to open the record or present additional evidence. Appellant only sought an opportunity to present argument as to the propriety of P.U.C. Order in the hopes that the administrative agency would "reconsider" and then either modify or rescind its earlier decision.
We agree with the Commonwealth Court's characterization of the appellant's petition and since the appeal to that court was filed after the expiration of the thirty day period as prescribed in § 1431, it was untimely and its dismissal proper. Accordingly, we affirm the Order of the Commonwealth Court.
LARSEN, J., filed a dissenting opinion.
*276 LARSEN, Justice, dissenting.
I think that the majority has precluded appellant from his day in court via a highly technical construction which puts form over substance. I would reverse the order of the Commonwealth Court and allow appellant to address the merits of his case.
NOTES
[1] The jurisdiction of this Court, in the instant appeal, rests upon Act of July 31, 1970, P.L. 673, No. 223 art. II, § 204, as amended, 17 P.S. § 211.204; now 42 Pa.C.S.A. § 724(a).
[2] The June 10, 1975 order was based on one of nine complaints which were outstanding against GE-Co., Inc.
[3] The May 14, 1976, Order rested on six of those complaints which had been taken under advisement.
[4] The Act of October 7, 1976, P.L. 1057, No. 215, § 20 repealed this provision as of July 1, 1976. See 66 P.S. § 1431 (Supp. 1979-80). The P.U.C. final order having been entered on May 14, 1976, prior to the effective date, requires the application of 66 P.S. § 1431 to the instant appeal.
[5] In his brief, appellant puts forth two additional claims: 1) that due process has been offended, and 2) that he has twice been put in jeopardy for the same offense. Not only can the latter claim be characterized as highly imaginative in that the case at bar involves a civil matter, but further, neither contention was properly presented in the Petition for Allowance of Appeal. They do not therefore require this Court's consideration. Pa.R.A.P. 1115(a)(3) and Note, The Last Minute Amendment to Pa.Rules of Court, 1979 Pamphlet.
[6] Courts which have addressed this matter have used the terms Petition for Reconsideration and Petition for Modification or Rescission interchangeably. We will refer to the petition as one for modification or rescission.
[7] The entry of the order not its service has been deemed the date which starts the thirty day appeal clock running. See Act of July 31, 1970 P.L. 673, § 502, as amended, 17 P.S. § 211.502(a) (Supp. 1978-1979), and Brinks, Inc. et al. v. Pennsylvania, Public Utility Commission, supra.
[8] The Commonwealth Court obtained jurisdiction at the exclusion of the Superior Court by 17 P.S. § 211.403 (Supp. 1978-1979); now 42 Pa.C.S.A. § 763(a).
[9] The appropriate method for one to proceed when wishing to file a petition for modification or rescission and yet still keep his appellate right open, therefore, is to file both the application for modification or rescission and the notice of appeal simultaneously. The propriety of this procedure is evidenced by Pa.R.A.P. 1701(b)(3), and its efficacy explained in the "Note" concerning this subsection following that provision. This Rule of Appellate Procedure is not controlling in the instant appeal.