Commonwealth of Pennsylvania, Pennsylvania Public Utility Commission, Plaintiff *v.* Zanella Transit, Inc., Defendant.

Commonwealth of Pennsylvania, Pennsylvania Public Utility Commission, Plaintiff *v.* T. Richard Zanella, t/d/b/a Zanella Transit, Defendant.

Argued March 10, 1980, before President Judge CRUMLISH and Judges ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Lee E. Morrison,* Assistant Counsel, with him *Joseph J. Malatesta, Jr.,* Deputy Chief Counsel and *George M. Kashi,* Chief Counsel, for plaintiff.

*T. Richard Zanella,* defendant, for himself.

OPINION BY JUDGE WILLIAMS, JR., August 4, 1980:

Addressed to this Court's original jurisdiction under Section 761(a)(2) of the Judicial Code, 42 Pa. C. S. §761(a)(2), the Pennsylvania Public Utility Commission (Commission) filed an action in assumpsit against Zanella Transit, Inc. (No. 2919 C.D. 1978) and one against T. Richard Zanella doing business as Zanella Transit (No. 2920 C.D. 1978). Each action is to recover fines of $15,800.00 assessed by Commission order against each one of the defendants for operating a common carrier pursuant to a cancelled certificate of public convenience. The actions were commenced under express authority of the Public Utility Code, 66 Pa. C. S. §3301(a).

In response to the Commission's complaints, the defendants (Zanella) have filed an answer, new matter and counterclaim.[1] To the defendants' pleadings the Commission has filed preliminary objections: a motion to strike the answer and new matter for not pleading material allegations of fact, and a demurrer to the counterclaim for not stating a cognizable cause of ac-

---

[1] Though the defendant in each suit bears a different name, in reality T. Richard Zanella is the defendant in both because he is the sole stockholder of Zanella Transit, Inc. Therefore, the single designation "Zanella" means both named defendants. In addition, the same answer, new matter and counterclaim were addressed to both actions by the Commission.

tion against the Commission. We sustain the plaintiff's preliminary objections.

In each case, the Commission's complaint alleges the existence and non-payment of the fines. The defendant's answer and new matter plead no material facts to specifically traverse the Commission's allegations and aver no facts which could constitute a well-pleaded avoidance of the claims. Instead, the defendants' answer is a set of general denials, conclusions of law and immaterial assertions. The new matter suffers from that same infirmity.

The Pennsylvania Rules of Civil Procedure mandate the pleading of material facts. Pa. R.C.P. No. 1019(a). The defendants in this case have grossly violated that requirement. If the defendants are aware of some facts which negate the validity of the fines assessed, they have failed to effectively raise such facts in their pleadings. As to each of the plaintiff's actions before us, we are compelled to strike the defendants' answer and new matter as not being in conformity to the Rules of Civil Procedure.

From the defendants' pleadings it is difficult to ascertain the legal basis of their counterclaim for $1,000,000.00 against the Commission. On Page Ten of the defendants' brief it is declared that the counterclaim is "in the form of a breach". Breach of what, is not clear.

The counterclaim makes five assertions. In essence they are that (1) the Commission revoked defendants' license plates and prevented them from operating; (2) the Commission failed to cancel proper certificates in an orderly process as not to cause confusion, thereby causing malicious use and abuse of process; (3) the fines were improperly assessed against certain docket numbers; (4) the defendants have made partial payment of some assessments; and (5) the Commission has "flaunted truth and honesty" in a report to the At-

torney General. With regard to the last two allegations, it is not stated what assessments were partially paid, or how the Commission "flaunted truth and honesty".

If the defendants in their counterclaim are trying to lay an action in tort, they do not come even close to setting forth conduct which is answerable in money damages. It seems that the defendants are trying to allege some kind of wrongful conduct by the Commission relative to the cancellation of their certificate or certificates of public convenience. However, a certificate of public convenience is a privilege, not a contract or a property interest under which the holder acquires vested rights. *Western Pennsylvania Water Co. v. Pennsylvania Public Utility Commission,* 10 Pa. Commonwealth Ct. 533, 311 A.2d 370 (1973). Therefore, the counterclaim cannot be read as setting forth a compensable invasion of a contract or property right. Accordingly, we must sustain the demurrer to the counterclaim.

If defendant T. Richard Zanella or defendant Zanella Transit, Inc. wished to challenge a decision of the Public Utility Commission relative to a certificate, they should have appealed from that decision in a timely manner. *Abramson v. Pennsylvania Public Utility Commission,* 29 Pa. Commonwealth Ct. 511, 371 A.2d 576 (1977). Not having done so, these defendants cannot collaterally attack such a decision by trying to convert it into the gravamen of new matter or a counterclaim to a suit by the Public Utility Commission to recover fines.

ORDER

AND Now, the 4th day of August, 1980, the plaintiff's preliminary objection in the nature of a motion to strike the answer and new matter of the above defendants is sustained.

The plaintiff's preliminary objection in the nature of a demurrer to the defendants' counterclaim is sustained.

The defendants shall have twenty (20) days from notice of this order in which to file an amended pleading, otherwise judgment may be entered against them.