# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Scott Porter, a/k/a Chauntey     :
Mo'Nique Porter; Adolphus Talley, Jr.,   :
a/k/a Alonda Talley; Robert Lee      :
Noaker, Jr., a/k/a Priscylla Renee    :
Von Noaker,                           :
               Petitioners    :
                                  :
           v.             :    No. 303 M.D. 2019
                                  :    ARGUED: February 13, 2020
Commonwealth of Pennsylvania;     :
Pennsylvania Department of State;    :
and Kathy Boockvar, in her capacity as   :
Acting Secretary of the Commonwealth, :
              Respondents   :

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**            **FILED: July 29, 2020**

Before this Court for disposition is the application for summary relief of Scott Porter, a/k/a Chauntey Mo'Nique Porter; Adolphus Talley, Jr., a/k/a Alonda Talley; and Robert Lee Noaker, Jr., a/k/a Priscylla Renee Von Noaker (Petitioners) and the preliminary objections of the Commonwealth of Pennsylvania; Pennsylvania Department of State; and Kathy Boockvar in her capacity as Acting Secretary of the Commonwealth (collectively, "Respondents") to Petitioners' petition for review in our original jurisdiction challenging the constitutionality of a 1998 amendment to what is known as the Commonwealth's Judicial Change of Name Act (Act), 54 Pa.C.S. §§ 701-705. For the reasons that follow, we deny Petitioners' application

for summary relief; sustain Respondents' preliminary objections numbered one, two, and four; and dismiss Petitioners' petition for review.

In Pennsylvania, the procedure for pursuing a name change is as follows. Pursuant to 54 Pa.C.S. § 702(a), "[t]he court of common pleas of any county may by order change the name of any person resident in the county." To initiate a name change, an individual must petition a court of common pleas and provide fingerprints. Before approving a name change, common pleas must forward a duplicate copy of the application and a set of the applicant's fingerprints to the Pennsylvania State Police (PSP) for purposes of ascertaining whether the applicant is subject to 18 Pa.C.S. Chapter 91, relating to criminal history record information. 54 Pa.C.S. § 702(b)(1) and (2). Depending upon the outcome, PSP either notes the name change on the individual's criminal history record information or destroys the fingerprints. 53 Pa.C.S. § 702(b)(3). PSP is required to certify the outcome to common pleas within sixty days of receipt of the application and fingerprints. 54 Pa.C.S. § 702(b)(4).

The disputed 1998 amendment, found at 54 Pa.C.S. § 702(c)(1) and (2), restricts and/or prohibits the ability of persons with felony convictions to change their names. Subsection (c)(1) *restricts* the ability of all people in Pennsylvania with felony convictions from changing their names whereas subsection (c)(2) *prohibits* those convicted of serious enumerated felonies from doing so. Specifically, the amendment provides:

> (c) Convicted felons.
>
> (1) The court may order a change of name for a person convicted of a felony, subject to provisions of paragraph (2), if:
>
> (i) at least two calendar years have elapsed from the date of completion of a person's sentence and that

2

person is not subject to the probation or parole jurisdiction of any court, county probation agency or the Pennsylvania Board of Probation and Parole; or

       (ii)  the person has been pardoned.

      (2)  The court may not order a change of name for a person convicted of murder, voluntary manslaughter, rape, involuntary deviate sexual intercourse, statutory sexual assault, sexual assault, aggravated indecent assault, robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i) (relating to robbery), aggravated assault as defined in 18 Pa.C.S. § 2702(a)(1) or (2) (relating to aggravated assault), arson as defined in 18 Pa.C.S. § 3301(a) (relating to arson and related offenses), kidnapping or robbery of a motor vehicle or criminal attempt, criminal conspiracy or criminal solicitation to commit any of the offenses listed above or an equivalent crime under the laws of this Commonwealth in effect at the time of the commission of that offense or an equivalent crime in another jurisdiction.

54 Pa.C.S. § 702(c)(1)-(2). When common pleas grants the application of a convicted felon subject to subsection (c)(1), the court "shall notify the Office of Attorney General, the [PSP] and the office of the district attorney of the county in which the person resides[.]" 54 Pa.C.S. § 702(c)(3). "[U]pon receipt of this notice, [PSP] shall include the change of name information in the central repository as provided for in 18 Pa.C.S. Ch. 91." *Id.*

In the instant petition for review, Petitioners aver that they are "transgender women who live openly in accordance with their female gender but who are forced to use male legal names." (Petition for Review, ¶ 1.) Alleging that old felony convictions prevent them from changing their names, they aver that discrimination and confusion result when they engage in everyday transactions and present identification documents thereby causing others to perceive them as male. (*Id.*) Consequently, they filed a petition for review in this Court's original

jurisdiction challenging the constitutionality of the amendment. Although they purport to challenge both 54 Pa.C.S. § 702(c)(1) *and* (2), they acknowledge that only subsection (c)(2) impacts them due to the nature of their felony convictions (rape and first-degree aggravated assault). In any case, they allege that the amendment prevents them from changing their names such that the names on their government-issued identification cards do not match their gender expression or identity.

By way of relief, Petitioners request declarations that the amendment is unconstitutional under (1) article I, section 1 of the Pennsylvania Constitution because it improperly infringes the right to control one's name; (2) article I, section 7 because it improperly infringes the guarantee against compelled speech; and (3) article I, section 1, as applied to them, because it violates their interest in avoiding disclosure of personal matters.[1] Accordingly, they request that this Court enjoin the Commonwealth[2] from enforcing the amendment.

**Petitioners' Application for Summary Relief**

---

[1] Article I, section 1 of the Pennsylvania Constitution pertains to the "Inherent rights of mankind" and provides:

> All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness.

Pa. CONST. art. I, § 1.

Article I, section 7 of the Pennsylvania Constitution pertains to "Freedom of press and speech; libels" and, in relevant part, provides: "The free communication of thoughts and opinions is one of the invaluable rights of man, and every citizen may freely speak, write and print on any subject, being responsible for the abuse of that liberty." Pa. CONST. art. I, § 7.

[2] In the petition for review, Petitioners aver that they are seeking declaratory and injunctive relief against "the Commonwealth and an officer thereof in her official capacity." (Petition for Review, ¶ 8.)

4

In the application for summary relief, Petitioners assert: "The [Act's] irrebuttable conviction bar at 54 Pa.C.S. § 702(c)(1)-(2) is unconstitutional on its face and as applied to Petitioners. Accordingly, this Court should declare the irrebuttable conviction bar to be unconstitutional and enter a permanent injunction against its enforcement." (Application for Summary Relief at 1.)

With respect to summary relief, Rule 1532(b) of the Pennsylvania Rules of Appellate Procedure provides: "At any time after the filing of a petition for review in an appellate or original jurisdiction matter the court may on application enter judgment if the right of the applicant thereto is clear." Pa. R.A.P. 1532(b). The Court should deny the application if there are material issues of fact in dispute or if it is not clear that the applicant is entitled to judgment as a matter of law. *Hennessey v. Pa. Bd. of Pardons*, 655 A.2d 218 (Pa. Cmwlth. 1995). As we determine below in the context of Respondents' preliminary objections, Petitioners' right to relief is not clear because their petition for review cannot stand.

### Respondents' Preliminary Objections

In the preliminary objections, Respondents assert: (1) misjoinder of parties–neither the Department of State nor Secretary of the Department of State has any claim or interest in the case in that neither plays a role in legal name-change requests; (2) demurrer–failure to state a claim against any of the named Respondents; (3) demurrer–legal insufficiency of Counts 1 and 3 (due process claims), Count 2 (free speech); and (4) lack of capacity to sue–no standing to challenge 54 Pa.C.S. § 702(c)(1).[3] We find disposition of the preliminary objections numbered one, two,

---

[3] This Court denied Respondents' application for stay of Petitioners' application for summary relief and answer thereto. Additionally, we ordered that "Petitioners' August 14, 2019 brief in support of their answer to Respondents' preliminary objections [be] stricken." (August 16, 2019, Order at 1.)

and four to be dispositive. Accordingly, we dismiss the petition for review without addressing the third preliminary objection or any of Petitioners' constitutional claims.

## Misjoinder of Parties

Pursuant to Rule 1028(a)(5) of the Pennsylvania Rules of Civil Procedure, preliminary objections may be filed for joining improper parties in an action. Pa. R.C.P. No. 1028(a)(5). Rule 2102(a)(2) provides that, while "[a]n action by the Commonwealth" may be brought in the name of "the Commonwealth of Pennsylvania," an action against a Commonwealth agency or party generally may not name the Commonwealth government as respondent. Pa. R.C.P. No. 2102(a)(2). The Official Note to Rule 2102 recognizes that the sole exception is where the legislature by statute has authorized an express right of action against the Commonwealth generally. In support, the Official Note cites article I, section 11 of the Pennsylvania Constitution and 1 Pa.C.S. § 2310. In relevant part, the constitutional provision provides that "[s]uits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct." Pa. CONST. art. I, § 11. The statutory provision sets forth absolute immunity for the Commonwealth of Pennsylvania. 1 Pa.C.S. § 2310. With respect to that immunity, we have noted that "the Commonwealth government and its various agencies and officers are separate entities and that 'the Commonwealth of Pennsylvania, itself, which is clearly *not a Commonwealth agency*, still enjoys absolute immunity pursuant to 1 Pa. C.S. § 2310.'" *Brouillette v. Wolf*, 213 A.3d 341, 356 (Pa. Cmwlth. 2019) [citing *Finn v. Rendell*, 990 A.2d 100, 105 (Pa. Cmwlth. 2010) (citations omitted and emphasis in original)].

6

In applying the foregoing, this Court in *Brouillette* addressed the issue. The petitioners filed a three-count amended petition alleging that the respondents[4] violated various constitutional provisions by establishing unbalanced budgets and authorizing loans to cover deficits that extended beyond the relevant fiscal years. Specifically ruling that the petitioners improperly joined the Commonwealth generally as a respondent, we held that "any meaningful declaratory relief that this Court could provide must be directed to the actions of some identifiable Commonwealth *party* that violated some identifiable constitutional or statutory provision rather than to the Commonwealth generally." *Id*. at 356 n.16. (emphasis added).

With respect to the Department and Secretary Boockvar, we have noted that Commonwealth agencies and actors are proper parties in declaratory relief actions only when they have or claim an interest that would be affected by the declaration *Pa. State Educ. Ass'n v. Dep't of Educ.*, 516 A.2d 1308, 1310 (Pa. Cmwlth. 1986). In the present case, Petitioners attempt to show that Respondents have such an interest via three paragraphs of the petition for review. Turning first to paragraph twenty-three, Petitioners aver that the disputed Act is a law of the Commonwealth. However, the mere fact that the Act is a law of the Commonwealth is insufficient to state a claim against Respondents Boockvaar and the Department of State. *See 1st Westco Corp. v. Sch. Dist. of Phila*., 6 F.3d 108, 116 (3d Cir. 1993) (holding that, "If we were to allow [joinder of] Commonwealth Officials in this lawsuit based on their general obligation to enforce the laws of the Commonwealth,

---

[4] The respondents included Governor Thomas Wolf; Treasurer Joseph Torsella; Auditor General Eugene DePasquale; the Commonwealth of Pennsylvania; Speaker of the House of Representatives Michael Turzai; House Majority Leader Dave Reed; President Pro Tempore of the Senate Joseph B. Scarnati, III; Senate Majority Leader Jake Corman; and the General Assembly.

7

we would quickly approach the nadir of the slippery slope; each state's high policy officials would be subject to defend every suit challenging the constitutionality of any state statute, no matter how attenuated his or her connection to it.").

Turning next to paragraphs twenty-four and twenty-five of the petition, Petitioners aver that the Act falls within the purview of these Respondents by virtue of various provisions in Title 54: 54 Pa.C.S. § 101 (defining department as Department of State), 54 Pa.C.S. § 102 (functions and powers of department with respect to Subchapter B of Chapter 1 of Title 15–corporations and unincorporated associations), and 54 Pa.C.S. §§ 701-705 (Chapter 7 of Title 54 entitled "Judicial Change of Name"). However, neither the Department of State nor its Secretary play any role in the Act. As noted, an applicant desiring a name change must petition a court of common pleas. A court of common pleas must forward a duplicate copy of the application and a set of the individual's fingerprints to PSP, which must certify to the court what action PSP has taken. The Act does not include a requirement that either common pleas or PSP notify Respondents of any action. The Act does not impose any duties on Respondents, and Petitioners made no allegations that Respondents failed to fulfill any duties. Finally, the Act does not require any filings with the Department of State. Accordingly, we sustain Respondents' misjoinder preliminary objection.

**Demurrer–Failure to State a Claim against any of the Named Respondents**

Pennsylvania is a fact-pleading state. A plaintiff must allege facts to demonstrate that the defendant acted or will act improperly in order to plead a cause of action. *Feldman v. Hoffman*, 107 A.3d 821, 825 n.5 (Pa. Cmwlth. 2014). General conclusions of law do not satisfy Pennsylvania's fact-pleading requirements. *Pa. Pub. Util. Comm'n v. Zanella Transit, Inc.*, 417 A.2d 860 (Pa. Cmwlth. 1980). As

8

Respondents observe, Petitioners did not mention Respondents the Department of State and Boockvaar in any of the three counts of the petition for review challenging the constitutionality of the Act. Moreover, as noted above, since they play no role in the challenged statute, it is hard to imagine what past or future conduct could have been cited. Accordingly, Petitioners failed to state a cause of action against these Respondents for failure to aver any factual allegations against them.

### Lack of Capacity to Sue

Respondents assert that Petitioners lack capacity to sue because they have no standing to challenge 54 Pa.C.S. § 702(c)(1), the subsection that applies to individuals convicted of felonies that are not specifically enumerated in subsection (c)(2)'s list of serious felonies. As noted, Petitioners conceded that only subsection (c)(2) affected them due to the nature of their felony convictions (rape and first-degree aggravated assault). Consequently, Petitioners lack capacity to sue with respect to subsection (c)(1).

### Conclusion

Accordingly, we sustain Respondents' preliminary objections numbered one, two, and four and dismiss the instant petition for review against the named parties[5]; for the same reasons, we deny Petitioners' application for summary relief.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

Judge Covey did not participate in the decision on this case.

_____

[5] We express no opinion on the potential merits of a future suit against proper parties.

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Scott Porter, a/k/a Chauntey    :
Mo'Nique Porter; Adolphus Talley, Jr.,  :
a/k/a Alonda Talley; Robert Lee    :
Noaker, Jr., a/k/a Priscylla Renee    :
Von Noaker,    :
                Petitioners    :
    :
          v.           :   No. 303 M.D. 2019
    :
Commonwealth of Pennsylvania;    :
Pennsylvania Department of State;    :
and Kathy Boockvar, in her capacity as  :
Acting Secretary of the Commonwealth, :
             Respondents    :

# **O R D E R**

AND NOW, this 29th day of July, 2020, we hereby DENY Petitioners' application for summary relief and SUSTAIN Respondents' preliminary objections numbered one, two, and four. Petitioners' petition for review is DISMISSED.

 

 

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge