Department of Transportation *v.* P.U.C. and Bell Telephone Company of Pennsylvania and Duquesne Light Company, Intervening Appellees.

Argued November 8, 1971, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*William E. Bethards,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for appellant.

*Anthony L. Marino,* Assistant Counsel, with him *Alan R. Squires,* Assistant Counsel, and *Edward Munce,* Acting Counsel, for appellee, Pennsylvania Public Utility Commission.

*Donald F. Clarke,* with him *John B. King* and *Sheldon Seligsohn,* for intervening appellee, Bell Telephone Company.

*Eric P. Reif,* with him *Reed, Smith, Shaw & McClay,* for intervening appellee, Duquesne Light Company.

OPINION BY JUDGE MENCER, December 8, 1971:

The Pennsylvania Department of Highways, now the Department of Transportation (Department), filed an appeal with this Court on June 1, 1971 from a May 3, 1971 order of the Pennsylvania Public Utility Commission (Commission) which denied the Department's petition for a further hearing and modification of the Commission's order of December 7, 1970. The Bell Telephone Company of Pennsylvania (Bell) and the Duquesne Light Company (Duquesne), as intervening appellees, filed motions to quash the appeal.

On July 11, 1969, the Department filed an application with the Commission requesting approval, in connection with State Highway Route 1074, in Allegheny County, for the construction, alteration and/or abolition of several highway crossings in North Versailles Township which would affect facilities owned by the intervening appellees here, as well as by other nontransportation public utility companies.

A public hearing was held by the Commission in connection with this application on March 10, 1970, at which the Department, Bell, Duquesne and other interested parties appeared with counsel and participated. The Commission, by order dated December 7, 1970, approved the Department's application and allocated against the Department all costs for relocation from the public right of way of the facilities owned by Duquesne, Bell and the Equitable Gas Company. This order was served on the Department on December 17, 1970.

On February 1, 1971, the Department filed a petition for further hearing and modification of the Commission's order of December 7, 1970. This petition was denied by the Commission on May 3, 1971 and the Department took this appeal.

The Department's petition for further hearing and modification of the Commission's order was under Sec-

tion 1007 of the Public Utility Code, Act of May 28, 1937, P. L. 1053, 66 P.S. §1397. We held in *Crooks v. Pennsylvania Public Utility Commission,* 1 Pa. Commonwealth Ct. 583, 276 A. 2d 364 (1971), that an appeal will lie from the Commission's refusal to rescind or amend a previous order under Section 1007 of the Public Utility Code. Therefore, we must consider whether or not the Commission abused its discretion in denying the Department's petition of February 1, 1971.

This Court cannot reverse the Commission in its refusal of a petition for further hearing or its failure to rescind or amend its previous order unless a clear abuse of discretion by the Commission is shown. *Byers v. Pennsylvania Public Utility Commission,* 176 Pa. Superior Ct. 620, 109 A. 2d 232 (1954); *Philadelphia v. Pennsylvania Public Utility Commission,* 185 Pa. Superior Ct. 598, 138 A. 2d 698 (1958). These cases also indicate that the denial of a petition for rehearing does not constitute an abuse of discretion where the evidence which the petition states would be offered at a further hearing was available at the hearing held.

Here the Department seeks a further hearing for the reason that at the hearing on March 10, 1970 witnesses for the Equitable Gas Company and Bell testified that these companies would be willing to produce their records at a further hearing to show the Commission when their facilities were placed in the public right of way. However, the Department at no time nor in any way has indicated or asserted that there is any newly discovered evidence concerning when the respective facilities of the nontransportation public utility companies were placed in the public right of way in question. It was the existence of new facts and changed conditions that suggested the propriety of a further hearing in *Crooks v. Pennsylvania Public Util-*

*ity Commission, supra,* and in *Department of Highways v. Pennsylvania Public Utility Commission,* 197 Pa. Superior Ct. 350, 178 A. 2d 820 (1962).

The record discloses that the Assistant Attorney General representing the Department objected at the close of the March 10, 1970 hearing to the holding of another hearing. On September 16, 1970, the Commission wrote to the Department as follows: "In view of the lapse of time since the date of hearing and inasmuch as the Commission has not been requested by any party of record as to the necessity of a further hearing, you are hereby notified that the Commission will consider the record closed on September 25, 1970, unless a party to this proceeding prior to that time informs the Commission of the necessity for such further hearing."

Counsel for the Department acknowledged, on October 6, 1970, in a letter to the Commission, that the Department understood that the record had been closed, since the Commission had not received a request for a further hearing from any party of record, and that the Commission would proceed with the case on the then record. The Department was served on December 17, 1970 with the Commission's order of December 7, 1970 but did not apply to the Commission for a rehearing in respect to any matter determined in the proceeding within the fifteen (15) day period permitted by Section 1006 of the Public Utility Code, 66 P.S. §1396. Nor did the Department appeal from the Commission's order of December 7, 1970 within thirty (30) days after the service thereof, as permitted by Section 1101 of the Public Utility Code, 66 P.S. §1431, as amended by Sections 403 and 508(e) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L.     , No. 223, 17 P.S. §§211.403, 211.508(e).

At no time between the March 10, 1970 hearing and its February 1, 1971 petition for further hearing did

the Department endeavor to have the dates of placement in the right of way of the facilities of nontransportation public utility companies made a part of the record which was closed only after notice to the Department that such would be done unless a party to the proceeding informed the Commission of the necessity for a further hearing.

Under the facts and circumstances in this case, we hold that the Commission did not abuse its discretion in denying the Department's petition for a further hearing and modification of the order of December 7, 1970.

In addition to seeking a further hearing, the Department actually seeks a review on the merits of that portion of the Commission's order which allocated against the Department all relocation costs relative to the public right of way. The cases which have construed Section 1007 of the Public Utility Code, 66 P.S. §1397, are uniform in holding that a petition to the Commission for further proceedings and consideration under Section 1007 may not be used to circumvent the time limitations for seeking a rehearing under Section 1006, 66 P.S. §1396, or the taking of an appeal under Section 1101, 66 P.S. §1431. *Department of Highways v. Pennsylvania Public Utility Commission, supra.* In *Beaver Valley Water Company v. Pennsylvania Public Utility Commission,* 140 Pa. Superior Ct. 297, 14 A. 2d 205 (1940), it was held that a party litigant cannot be permitted, by a motion or petition to reconsider, or hear and modify, an appealable order from which no appeal was taken within the statutory period allowed by law, to reopen the matter thus disposed of and thereby nullify the limitation for appeal fixed by statute.

As we said in *Crooks v. Pennsylvania Public Utility Commission, supra,* at page 586 of 1 Pa. Commonwealth Ct., "[c]ertainly it was the purpose of Section

1007 to provide the Commission with authority to modify orders made under Section 1006 when the situation has changed, but not, as in Beaver Valley, to provide a method to circumvent the time limitations for an appeal or rehearing." *See Department of Highways v. Pennsylvania Public Utility Commission, supra; Paradise v. Pennsylvania Public Utility Commission,* 184 Pa. Superior Ct. 8, 132 A. 2d 754 (1957).

Here, unlike the circumstances existing in *Crooks,* fy orders made under Section 1006 when the situation has not changed since the Commission's order, and the Department's attempt to use Section 1007 to circumvent the time limitations of Sections 1006 and 1101 cannot be permitted.

Intervening appellees' motions to quash are hereby granted and this appeal is dismissed.