The Baltimore and Ohio Railroad Company, Petitioner *v.* Pennsylvania Public Utility Commission. Respondent.

Argued February 3, 1983, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*David P. Helwig,* with him *Gary F. Sharlock, Sharlock, Repcheck, Engel & Mahler,* for petitioner.

*Richard S. Herskovitz,* Assistant Counsel, with him *John B. Wilson,* Deputy Chief Counsel, and *Charles F. Hoffman,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, October 4, 1983:

Before this Court are a petition for review by The Baltimore and Ohio Roalroad Company (B & O) from a decision and order of the Public Utility Commission (PUC) and a motion to quash said petition by the PUC.

On July 14, 1981, the PUC entered a decision and order approving an application filed by Upper Chichester Township to alter a crossing where Carpenter Road intersects the B & O's tracks. The order required, *inter alia,* B & O to bear both fifty percent of the cost of widening the crossing and fifty percent of any costs incurred by Bell Telephone Co. and Philadelphia Electric Co. as a result of the proposed alteration. No appeal was taken by B & O from this order. On July 27, 1981, however, B & O petitioned the PUC, pursuant to 52 Pa. Code §3.291,[1] to modify its July 14 order so as to relieve B & O of the imposed costs.[2] This petition was denied by the PUC on October 28, 1981 on the grounds that B & O had presented no law or evidence new to what had been considered in the formulation of the July 14 order. B & O subsequently filed the instant petition for review in this Court in which it challenges both the July 14, 1981 and October 28, 1981 orders of the PUC. The PUC, in turn, filed the motion which is also before us at this time, in which it seeks to quash B & O's petition for review as being untimely with respect to the July 14, 1981 order and insufficient as to the October 28, 1981 order on the grounds that it incorporates the wrong scope of review.

With respect to the timeliness of those aspects of B & O's petition for review filed November 27, 1981, which challenge the substance of the July 14, 1981 order of the PUC, it is well settled that a request for modification to the PUC does *not* toll the running of

---

[1] *See also* Section 703(g) of the Public Utility Code, 66 Pa. C. S. §703(g).

[2] The petition, if granted, would have effectively reinstated the Initial Decision in this matter in which an administrative law judge for the PUC directed that the Township be liable for 100% of the contested costs.

the thirty day period for filing an appeal. *Abramson v. Public Utility Commission,* 489 Pa. 267, 414 A.2d 60 (1980); *Mobilfone, Inc. v. Pennsylvania Public Utility Commission,* 24 Pa. Commonwealth Ct. 243, 355 A.2d 611 (1976).[3] *See also Westinghouse Electric Corp. v. Pennsylvania Public Utility Commission,* 44 Pa. Commonwealth Ct. 407, 404 A.2d 712 (1979); Pa. R.A.P. 1701(b). B & O has conceded as much in its brief to this Court. Accordingly, we grant the PUC's motion to quash insofar as it pertains to an appeal from the order of July 14, 1981.

As for the order of October 28, 1981, this Court's scope of review of a refusal to modify an order by the PUC is to determine whether the PUC has committed an abuse of discretion by so refusing. *Borough of Platea v. Pennsylvania Public Utility Commission,* 14 Pa. Commonwealth Ct. 478, 322 A.2d 780 (1974). While the B & O's petition for review herein does not specifically state as much, and is instead couched primarily in terms challenging the order of July 14, 1981 as being unsupported by substantial evidence, we do not find it to be so wholly deficient as to warrant quashing that aspect which pertains to the October 28, 1981 order. The essential elements of a petition for review as set forth in Pa. R.A.P. 1513, *i.e.* a statement of jurisdiction, identification of the parties including the government unit making the decision for which review is sought, reference to the appropriate order (that of October 28, 1981) and a general state-

---

[3] These cases specifically addressed petitions brought pursuant to the authority afforded the PUC by Section 1007 of the Public Utility Law, Act of May 28, 1937, P.L. 1053, *as amended,* 66 P.S. §1397. Section 1007 was repealed by Section 2 of the Act of July 1, 1978, P.L. 598. Similar provisions are now found in Section 703(g) of the Public Utility Code, 66 Pa. C. S. §703(g). It is this section pursuant to which the current action was brought.

ment of objections (including that there was an abuse of discretion by the PUC), are present. We therefore deny the PUC's motion to quash insofar as it applies to the B & O's appeal from the October 28, 1981 refusal to modify.

Having denied the PUC's motion to quash as to the appeal from the order of October 28, 1981, we are confronted with the merits of that appeal. B & O asserts that, in rendering our decision as to whether the PUC abused its discretion in its refusal to modify, we must focus on the merits of the order of July 14. We disagree. To proceed as B & O would have us would be to permit a collateral attack on the merits of a final and otherwise unappealable order with the only effective difference being the scope of review employed by this Court.[4] B & O would in, essence, have effectively circumvented the time limits for bringing an appeal from the July 14, 1981 order. This would clearly be improper. *See Brinks, Inc. v. Pennsylvania Public Utility Commission,* 16 Pa. Commonwealth Ct. 300, 328 A.2d 582 (1974); *Borough of Platea.* Instead, we must focus on why modification was denied. In the instant matter it was because B & O did not indicate in its petition for modification any new evidence or changed circumstances or present any previously unconsidered law for the PUC's consideration. Our review of the record confirms the PUC's assessment of the B & O's request. Accordingly, as a hearing was held prior to entry of the July 14, 1981 order and as B & O was given every opportunity to present its case at that time, we do not find any abuse of discretion was committed in the PUC's

---

[4] Whether there has been an abuse of discretion by the PUC as opposed to whether there was substantial evidence to support the PUC's decision.

386

denial of B & O's modification request. *See Brinks, Inc.; Borough of Platea.*

ORDER

Now, October 4, 1983, the Pennsylvania Public Utility Commission's motion to quash the petition for review in the above captioned matter of The Baltimore and Ohio Railroad Company is hereby granted in part and denied in part consistent with the opinion above. The order of the Pennsylvania Public Utility Commission, dated October 28, 1981, A.102036, denying the petition for modification by The Baltimore and Ohio Railroad Company is affirmed.