Mary De Gregorio, Petitioner *v.* Pennsylvania Public Utility Commission, Respondent.

Argued June 7, 1984, before Judges MacPHAIL, COLINS and PALLADINO, sitting as a panel of three.

*Sylvan D. Einhorn,* with him, *Thomas A. Winkelspecht, Weiner & Einhorn,* for petitioner.

*Robert J. Longwell, Assistant Counsel,* with him, *Alfred N. Lowenstein,* Deputy Chief Counsel, and *Charles F. Hoffman,* Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, September 28, 1984:

Mary De Gregorio (Petitioner) appeals an order of the Public Utility Commission (Commission) which conditioned the reinstatement of her cancelled certificate of public convenience (certificate). The certificate was issued on April 3, 1981 for the purpose of authorizing Petitioner to operate a taxi service in the County of Philadelphia. The Commission, pursuant to 52 Pa. Code §29.104 required the Petitioner, *inter alia,* to file evidence of insurance with the Commission.

On June 2, 1982 the Commission filed a complaint upon its own motion against Petitioner requiring her to show cause why the certificate should not be cancelled because of failure to file evidence of bodily injury and property damage liability insurance. The Commission ordered Petitioner to answer the complaint within thirty (30) days. Petitioner failed to answer the complaint and on October 12, 1982 the Commission issued an order sustaining the complaint and cancelling the certificate for failure to file evidence of insurance. Petitioner also failed to file an annual report pursuant to 52 Pa. Code §29.42. Consequently, on August 2, 1982, the Commission filed a second complaint upon its own motion. Again, Petitioner did not answer the complaint and on October 27, 1982 a second order sustaining the second complaint was issued against Petitioner. This order simply affirmed the first order and conditioned any reinstatement of Petitioner's certificate of public convenience upon the filing of an annual report and/or payment of a fine.

Petitioner claims that the Commission's second order issued on October 27, 1982 should be vacated for

lack of evidence to support the findings of fact. Petitioner failed to recognize that the first order, issued on October 12, 1982, cancelled her certificate. The second order merely affirmed the first and conditioned the reinstatement of the certificate upon payment of a fine and the filing of an annual report.

We find that the Commission's findings of fact were supported by substantial evidence and the order entered on October 27, 1982 was proper.

When an order involving a certificate of public convenience is granted, this court may not disturb that order except for an error of law, lack of evidence to support the finding, determination or order of the Commission, or a violation of constitutional rights. *Yellow Cab Company of Pittsburgh v. Pennsylvania Public Utility Commission*, 50 Pa. Commonwealth Ct. 448, 412 A.2d 1385 (1980).

The Commission filed a complaint and, subsequently, entered an order on October 12, 1982 cancelling the certificate due to Petitioner's failure to answer. "Any respondent failing to file an answer within the applicable period shall be deemed in default, and all relevant basic facts stated in such complaint or petition may be deemed admitted. . . ." 1 Pa. Code §35.35. The Commission deemed the averments in the complaint admitted due to Petitioner's failure to answer or to file evidence of insurance and ordered Petitioner's certificate of public convenience cancelled. The Commission acted correctly as a matter of law. However, Petitioner claims that she was unable to conform with the Commission's requirements to file evidence of insurance and file an annual report because she had relinquished control of her certificate by entering into a lease-purchase agreement with Richard Koway, Jr. Furthermore, she claims that a complaint in equity filed against Richard Koway, Jr. and the appointment of a conservator indicated that

Petitioner was doing everything in her power to regain control of her taxicab company and was attempting to comply with the Commission's requirements.

The Commission received notice of Petitioner's actions on September 3, 1982 in the form of a letter from Petitioner's counsel. Attached was a copy of the complaint in equity against Richard Koway, Jr. A second letter was received by the Commission on September 13, 1982 suggesting that the Commission withhold any action until Petitioner's counsel was advised of the action. These letters were not in the form of a proper answer pursuant to 52 Pa. Code §3.122, nor were they received within the required filing period. The only purpose these letters served was to inform the Commission that an improper transfer of her certificate had occurred. Section 1103(c)(7) of the Public Utility Code provides:

> The transfer of a certificate of public convenience, by any means or device, shall be subject to the prior approval of the commission which may, in its sole or peculiar discretion as it deems appropriate, attach such conditions, including the appropriate allocation of proceeds, as it may find to be necessary or proper.

66 Pa. C. S. §1103(c)(7).

Petitioner did not seek approval of the Commission prior to the transfer of the certificate. Furthermore, the Commission issued the certificate to Petitioner placing all responsibilities on her that are inherent with the ownership of a certificate. The fact that Petitioner transferred her certificate to a third party without prior approval from the Commission does not absolve her of the responsibility to provide insurance.

The order that Petitioner is appealing from was entered on October 27, 1982 and merely added conditions to the reinstatement of the cancelled certificate.

358

Petitioner did not answer the complaint that preceded the Order, nor did she take any action to have her certificate reinstated. Therefore, all relevant facts in this complaint are again deemed admitted. 1 Pa. Code §35.35.

Accordingly, the Commission's order conditioning the reinstatement of Petitioner's cancelled certificate is affirmed.

### ORDER

AND Now, September 28, 1984, the Order of the Pennsylvania Public Utility Commission entered on October 27, 1982, is affirmed.