Hoskins Taxi Service, Inc., Petitioner *v.* Pennsylvania Public Utility Commission, Respondent.

Argued October 15, 1984, before Judges ROGERS, DOYLE and COLINS, sitting as a panel of three.

*Val Pleet Wilson,* for petitioner.

*Alphonso Arnold, Jr.,* Assistant Counsel, with him, *Daniel P. Delaney,* Deputy Chief Counsel, and *Charles F. Hoffman,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, January 10, 1985:

Hoskins Taxi Service, Inc. (Petitioner) appeals from an order of the Pennsylvania Public Utility

Commission (Commission) which denied reconsideration of an order cancelling Petitioner's certificate of public convenience.

Petitioner was the holder of a certificate of public convenience to operate a taxi service, granted in May of 1970. On September 11, 1981, the Commission instituted a complaint charging Petitioner with failure to render service to an elderly person. Petitioner failed to file an answer within twenty days, and on December 11, 1981, the Commission sustained the complaint and imposed a fine of $250.00. On April 22, 1982, the Commission issued an order to show cause why Petitioner's certificate should not be revoked or suspended, based on Petitioner's failure to answer the previous complaint, or pay the fine imposed. After no timely response was received, the Commission entered an order cancelling Petitioner's certificate of public convenience on August 13, 1982. Petitioner did not appeal this order.

On October 22, 1982, Petitioner filed a petition for reconsideration with the Commission, alleging that the violations committed were the result of the actions of one Richard Koway, who had assumed control of the corporation in 1977 under a conditional sales agreement involving a transfer of stock between Koway and William Hoskins. It was alleged that Koway defaulted on his agreement with Hoskins, refusing to return control of the corporation while falsely advising Hoskins that the fines against the corporation had been paid. Hoskins regained control of the corporation, but did not learn that its certificate had been cancelled until October 7, 1982.

The Commission denied the petition for reconsideration on the grounds that Petitioner was a habitual violator of the Public Utility Code[1] and regu-

---

[1] 66 Pa. C. S. §§101-3315.

lations, and that Richard Koway's control of the corporation was not a reasonable excuse for the violations. The Commission found that Koway's control was the result of an unapproved transfer of assets in 1976, which itself constituted a violation of the Code.

The decision whether to modify or rescind a final order upon a petition for reconsideration is a matter within the discretion of the Commission, and we may not reverse absent a clear abuse of that discretion. *Baltimore and Ohio Railroad Co. v. Pennsylvania Public Utility Commission*, 77 Pa. Commonwealth Ct. 381, 465 A.2d 1326 (1983); *Borough of Platea v. Pennsylvania Public Utility Commission*, 14 Pa. Commonwealth Ct. 478, 322 A.2d 780 (1974).

On appeal to this Court Petitioner first alleges that the Commission committed an abuse of discretion in failing to accept the transfer of control to Koway as a reasonable excuse for the violations which occurred. The Commission concluded that such an excuse was not reasonable because it was a transfer of assets without prior approval by the Commission, in violation of Section 1102(a)(3) of the Public Utility Code (Code), 66 Pa. C. S. §1102(a)(3). Petitioner contends that it was error to consider this provision of the Code because it was not enacted until 1978, two years after the transfer was made. This argument is without merit. The 1978 act is simply an official codification of an identical provision which appeared in Section 202(e) of the Act of May 28, 1937,[2] an act which was in effect at the time of the transfer in 1976. Since the same requirement of prior Commission approval for stock transfers was in effect at the time

---

[2] Act of May 28, 1937, P.L. 1053, *as amended, formerly* 66 P.S. §1122(e), repealed by Section 2 of the Act of July 1, 1978, P.L. 598.

of the transfer, the Commission did not abuse its discretion in concluding that an unapproved transfer was unlawful[3] and could not provide a reasonable excuse for resulting violations. *See De Gregorio v. Pennsylvania Public Utility Commission*, 85 Pa. Commonwealth Ct. 354, 481 A.2d 1241 (1984).

Petitioner also argues that the Commission abused its discretion in concluding that it was a "habitual violator" of the Code. The Commission noted that since 1979, Petitioner was the subject of six formal complaints involving overbilling, failure to seal a taxi meter, failure to render service, and failure to file proof of insurance coverage. In addition, the Commission noted that the Petitioner had been "a chronic late-filing utility for his (sic) Annual Reports, tariffs assessments and certification of insurance coverage." Petitioner argues in its brief that this conclusion was unwarranted because it was based in part on complaints which were never sustained against it. We note that this assertion is contrary to the averments in Petitioner's own petition for reconsideration, in which it admitted that during the time the company was under Koway's control it was operated "contrary to the rules and regulations of the Public Utility Commission, resulting in complaints being issued against it." In addition, the assertion is contrary to the present Petition for Review, which further admits that all six complaints resulted in fines being levied.[4]

Petitioner also argues that the Commission is collaterally estopped from finding that Petitioner is a

---

[3] *See also* 52 Pa. Code §29.31.

[4] We note also that each complaint stated that the allegations therein would be deemed admitted if no timely answer was filed. The record fails to indicate, nor does Petitioner suggest, that a timely answer was filed with respect to each of the complaints.

habitual violator, because it had determined in a 1980 proceeding that Petitioner was "fit" to operate an additional taxi. A previous action operates as an estoppel only as to those matters at issue which are identical to those litigated in the previous action. *McCarthy v. Township of McCandless,* 7 Pa. Commonwealth Ct. 611, 300 A.2d 815 (1973). In the present case, the finding of habitual violation was based upon a number of violations which occurred after 1980, and which thus were not at issue at the previous determination. Therefore, since the matters in issue were not identical to those in the previous action, the Commission was not estopped from finding that Petitioner was a habitual violator.

Petitioner raises a number of additional issues which were not raised below in its petition for reconsideration, including lack of proper service, violation of due process in failing to give notice and to conduct hearings, and an abuse of discretion in imposing a penalty of revocation. These additional claims all attack the propriety of the underlying, unappealed order of the Commission which revoked Petitioner's license. Our present review, however, is limited to a consideration of the order denying reconsideration. *Baltimore and Ohio Railroad Co.* at 385, 465 A.2d at 1328. Since none of these issues were raised before the Commission in Petitioner's petition for reconsideration, this Court will not now consider them on appeal. *Town Development, Inc. v. Pennsylvania Public Utility Commission,* 50 Pa. Commonwealth Ct. 104, 411 A.2d 1317 (1980).

For the foregoing reasons, we conclude that the Commission did not abuse its discretion in denying Petitioner's petition for reconsideration. Accordingly, the order of the Commission is affirmed.

#### ORDER

Now, January 10, 1985, the order of the Pennsylvania Public Utility Commission in the above referenced matter, No. A-00095770, dated March 29, 1981, is hereby affirmed.