515 A.2d 1048

Morgan Drive Away, Inc., Petitioner *v.* Pennsylvania Public Utility Commission, Respondent.

Argued February 6, 1986, before Judges BARRY and PALLADINO, and Senior Judge BLATT, sitting as a panel of three.

*David H. Radcliff,* with him, *Christian V. Graf, Graf, Knupp & Andrews, P.C.,* for petitioner.

*H. Kirk House,* Assistant Counsel, with him, *Alfred N. Lowenstein,* Deputy Chief Counsel, and *Charles F. Hoffman,* Chief Counsel, for respondent.

*William A. Chesnutt, McNees, Wallace & Nurick,* for intervening respondent, Barrett Mobile Home Transport, Inc.

OPINION BY JUDGE BLATT, October 10, 1986:

Morgan Drive Away (petitioner) appeals an order of the Pennsylvania Public Utility Commission (PUC) which adopted a decision of an administrative law judge granting the application of Barrett Mobile Home Transport Inc. (Barrett) to amend its certificate of public convenience. The amendment was proposed to permit Barrett, a competitor of the petitioner in interstate carriage, to transport trailers, mobile homes, modular

buildings, pickup campers, recreational vehicles and travel-trailers between points in Pennsylvania.

The petitioner initially contends that, in making its decision, the PUC applied improper criteria in failing to require Barrett to prove the inadequacy of the existing service. This Court has previously held, however, that, in revising the evidentiary criteria for certificates of public convenience, the PUC properly exercised its discretion in eliminating an applicant's traditional burden of demonstrating the inadequacy of existing services. *Seaboard Tank Lines, Inc. v. Pennsylvania Public Utility Commission,* 93 Pa. Commonwealth Ct. 601, 502 A.2d 762 (1985).

The petitioner also contends that Barrett failed to adduce substantial evidence of public need for an additional statewide service. It argues that the record demonstrates that it is already providing adequate service to meet shippers' transportation requirements and, therefore, that no need exists for an additional service. We preliminarily observe that the mere existence of adequate service does not preclude the grant of a certificate to other applicants. *Seaboard.* And, as noted by the PUC, Barrett produced witnesses whose testimony indicated a legitimate need for its services. Our review of the record reveals that six witnesses testified as to their need to quickly transport existing inventory at the end of each month or quarter or close to the date of manufacture. Four testified that they intended to use Barrett as a back up carrier and two indicated their intent to use it to expedite deliveries during other peak periods. We believe, therefore, that the record discloses substantial evidence to support the finding of a need for service based upon the necessity of facilitating the periodically required shipments and peak period shipments here concerned.

The petitioner also contends that the PUC should not have evaluated the amendment's adverse impact of

Barrett's certificate by reference to the petitioner's annual revenues for its entire transportation system, but should only have considered its Pennsylvania revenues and operations. It further contends that granting the amendment will have an adverse impact upon its Pennsylvania revenues and, consequently, upon the public interest.

We see no reason why the PUC should not have considered the petitioner's revenues from its complete system in evaluating Barrett's impact upon the petitioner's operation. The petitioner, like Barrett, is engaged in extensive interstate carriage, and is incorporated in a state other than Pennsylvania, which is only one of the many states in which it competes with Barrett. In addition, it appears that the petitioner itself failed to present an exhibit segregating revenues and expenses associated with its Pennsylvania operations. With respect to the issue of adverse impact, we first observe, of course, that the amount of competition which is best suited to serve the public interest is within the PUC's discretion. *Public Utility Commission v. Purolator Courier Corp.*, 24 Pa. Commonwealth Ct. 301, 355 A.2d 850 (1976). And, in light of our limited scope of review,[1] we do not believe that the PUC was compelled here to accept the conclusions proffered by the petitioner. The assertion of an adverse impact, moreover, is predicated upon the assumption that business will be diverted to Barrett. Nothing in the record, however, indicates that such an outcome is the likely result of Barrett's amended certification. Indeed, the witnesses who testified in-

---

[1] In reviewing an order of the PUC, our scope of review is limited to determining whether constitutional rights have been violated, error of law committed, and/or whether or not there is substantial evidence to support the necessary findings of fact. *De Gregorio v. Pennsylvania Public Utility Commission*, 85 Pa. Commonwealth Ct. 354, 481 A.2d 1241 (1984).

dicated that they were quite satisfied with the service currently provided by the petitioner. It must also be noted that the prospect of diversion does not necessarily bode ill for the public's benefit, for it is at least equally likely that the public would benefit from such added competition.

We will, therefore, affirm the order of the Pennsylvania Public Utility Commission.

### ORDER

AND NOW, this 10th day of October, 1986, the order of the Pennsylvania Public Utility Commission in the above-captioned matter is affirmed.