567 A.2d 1124

**P–I–E NATIONWIDE, INC., Petitioner,**

**v.**

**PENNSYLVANIA PUBLIC UTILITY COMMISSION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Nov. 13, 1989.

Decided Dec. 28, 1989.

William A. Chesnutt, with him, Elizabeth A. Dougherty, McNees, Wallace & Nurick, Harrisburg, for petitioner.

Dennis J. Buckley, Asst. Counsel, with him, H. Kirk House, Deputy Chief Counsel, and John F. Povilaitis, Chief Counsel, for respondent.

Before CRAIG and BARRY, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

Before us is a petition for review filed by P–I–E Nationwide, Inc. (Petitioner) seeking review of an order of the Pennsylvania Public Utility Commission (PUC), entered April 10, 1989, which denied its petition for rehearing.

Having thoroughly reviewed the record in this matter, we affirm.

Petitioner is a motor carrier corporation. It formerly held a certificate of public convenience, issued by the PUC, which authorized Petitioner to transport property to and from any point in Pennsylvania. PUC regulations required Petitioner to file an annual report by March 31 of each year;[1] however, Petitioner failed to comply with this requirement in 1988. PUC granted an extension of time to file until April 30, but this deadline also passed without Petitioner's compliance. At a public meeting on May 26, 1988, the PUC issued an order directing Petitioner to show cause why its certificate of public convenience should not be revoked for failure to comply with PUC regulations. The order gave Petitioner twenty days from the date on which it was served to either file an answer or comply with the regulations by filing an annual report. This order to show cause was entered on June 13, 1988, and a postal return receipt indicated that Petitioner received the order on June 17, 1988. Petitioner failed to respond to this order; and consequently, the PUC entered an order cancelling Petitioner's certificate of public convenience on August 24, 1988.

Subsequently, the PUC received Petitioner's annual report along with a letter on Petitioner's letterhead, dated September 28, 1988, from John J. Cepuran, who gave his title as Manager, Operating Taxes. The letter explained that the delay in submission of the annual report was due to uncertainties regarding union contract negotiations. The final sentence of this letter requested that Petitioner's certificate of public convenience be reinstated. PUC treated this letter as a petition for reinstatement of Petitioner's certificate of public convenience, which petition was denied in an order entered November 21, 1988. Petitioner, through counsel, then filed a petition requesting a rehearing. PUC also denied this petition in an order entered April 10, 1989. Before us is a petition for review of this April 10, 1989 order.

1. 52 Pa.Code § 31.9.

Our scope of review of the PUC's denial of a petition for reconsideration or rehearing is limited to a determination of whether the PUC abused its discretion. *Hoskins Taxi Service, Inc. v. Pennsylvania Public Utility Commission*, 87 Pa.Commonwealth Ct. 18, 486 A.2d 1030 (1985); *Borough of Platea v. Pennsylvania Public Utility Commission*, 14 Pa.Commonwealth Ct. 478, 322 A.2d 780 (1974). Petitioner alleges that the PUC abused its discretion in denying Petitioner's petition for rehearing on the issue of reinstatement of its certificate of public convenience, alleging that the PUC's decision to treat John Cepuran's letter as a formal petition for reinstatement denied Petitioner the opportunity to meaningfully be heard on this issue and to present its petition with the assistance of experienced counsel.

Petitioner contends that it was unaware that the letter from John Cepuran would be treated as a formal petition for reinstatement, and further contends that it was improper for the PUC to treat this letter as such because it failed to meet the requirements for a petition set forth in the PUC's own regulations.[2] Petitioner also points out that Mr. Cepuran, not being an attorney, was unfamiliar with the standards or criteria used by the PUC in considering a request for reinstatement of a certificate of public convenience, and did not know what evidence or facts to include as part of Petitioner's request. Petitioner argues that experienced counsel could have presented its case in a detailed and logical manner, and that a rehearing would give it the opportunity to have its request for reinstatement presented by counsel.

The PUC acknowledges the informality of Petitioner's request for reinstatement of its certificate. However, it points to the fact that the letter requesting reinstatement was on Petitioner's corporate letterhead and signed by a

**2.** Petitioner specifically notes that this letter fails to conform to the requirements for a petition found at 52 Pa.Code §§ 1.31(a) [requiring petitions to be divided into numbered paragraphs]; 1.36(a) [requiring verification]; and 5.41(a) [requiring concise presentation of the grounds, facts relied upon, and the relief sought].

corporate officer. The PUC also states that it is neither unusual nor impermissible to have a petition for reinstatement presented by a non-attorney.

While we question the PUC's characterization of Mr. Cepuran as a corporate officer, we do not find its decision to regard his letter as a petition for reinstatement of Petitioner's certificate of public convenience to be unreasonable or impermissible. Since the letter was on corporate letterhead and signed by a person whose title indicated that he held a position of some authority in Petitioner's organization, it was not unreasonable for the PUC to accept this communication as an official request by Petitioner that its certificate be reinstated.

Moreover, Petitioner cites no authority which indicates that the PUC had an obligation to inquire of Petitioner as to whether Mr. Cepuran's letter was a formal request for reinstatement or an informal request to be followed by additional communications. Nor do we construe Petitioner's argument that Mr. Cepuran's letter failed to comply with all of the formal requirements of a petition to mean that the PUC could not overlook any such defects.[3]

---

**3.** Petitioner places great reliance on our decision in *Department of Transportation v. Pennsylvania Public Utility Commission*, 13 Pa.Commonwealth Ct. 550, 320 A.2d 403 (1974), to support its contention that the PUC could not properly have considered Mr. Cepuran's letter to be a petition for reinstatement. However, we find this case to be distinguishable from the present case. In *Department of Transportation*, the PUC initially entered an order directing the department to conduct a safety inspection of a bridge. The Department did not appeal this order, however, the Secretary of Transportation did direct two letters to the PUC requesting that it reconsider and modify this order. The Chairman of the PUC ultimately responded with a letter directed to the Secretary indicating that the PUC saw no need to reconsider its order. The PUC also issued an internal directive to its Law Bureau directing it to seek compliance with the order in question. The Department of Transportation then brought the matter before this Court, characterizing the Secretary's letters as "petitions" and seeking to appeal the PUC directive and Chairman's letter as official orders entered by the PUC. We held that the PUC's actions were not appealable orders and that the Secretary's letters were not petitions:

Thus, in *Department of Transportation*, the Secretary's letters were regarded as correspondence, rather than "petitions", by the PUC. Accordingly, the PUC responded by taking actions which did not rise

We further note that Petitioner failed to appeal or in any way respond to the PUC's order denying the petition for reinstatement of its certificate of public convenience. It would therefore appear that Petitioner did not adequately preserve this issue for review.

Petitioner's final allegation that it was denied assistance of experienced counsel in presenting its reinstatement petition is likewise without merit. Nothing prevented Petitioner from turning to counsel in presenting its reinstatement petition initially rather than making its request in a more informal manner by means of a letter.

Furthermore, it appears that Petitioner has the ability to remedy any alleged deficiencies in its initial petition for reinstatement by now filing another petition for reinstatement with the assistance of counsel. Our review of PUC regulations, found at Title 52 of the Pennsylvania Code, and the statutory provisions of the Public Utility Code, 66 Pa.C.S. §§ 101–3315, does not indicate that Petitioner would be prohibited from filing a new petition for reinstatement.

Because Petitioner has not demonstrated that the PUC abused its discretion in denying Petitioner's petition for rehearing, the order of the PUC is hereby affirmed.

## ORDER

AND NOW, this 28th day of December, 1989, the order of the Pennsylvania Public Utility Commission denying Petitioner's petition for a rehearing is hereby affirmed.

---

to the level of entering formal orders. In contrast, the PUC regarded Mr. Cepuran's letter in the present case as being a petition for reinstatement of Petitioner's certificate of public convenience, to which it responded by entering a formal order denying said petition. While the Secretary's letters in the case cited by Petitioner were not considered by either the PUC or this Court to be "petitions", we do not interpret this case to mean that the PUC is precluded from acting on a letter which the PUC considers to be a petition because the letter does not fully comply with the format for a petition prescribed in the PUC's regulations.