572 A.2d 1317

**J.A.M. CAB COMPANY, INC., Petitioner,**

v.

**PENNSYLVANIA PUBLIC UTILITY COMMISSION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 12, 1989.

Decided April 5, 1990.

Deborah L. Gold, with her, Richard M. Meltzer (Mesirov, Gelman, Jaffe, Cramer & Jamieson, Philadelphia, of counsel), for petitioner.

Debra Paist, Asst. Counsel, with her, H. Kirk House, Deputy Chief Counsel, and John F. Povilaitis, Chief Counsel, Harrisburg, for respondent.

Before CRUMLISH, Jr., President Judge, McGINLEY, J., and NARICK, Senior Judge.

## OPINION

CRUMLISH, Jr., President Judge.

J.A.M. Cab Company, Inc. (J.A.M.) appeals a Pennsylvania Utility Commission (Commission) order denying its petition for reconsideration of the Commission's prior order which denied reinstatement of J.A.M.'s certificate of public convenience. We affirm.

In January 1985, the Commission issued a compliance order approving J.A.M.'s common carrier application, wherein it notified J.A.M. that its certificate of public convenience would be issued when J.A.M. presented insurance and tariff evidence. At that time, J.A.M. was to present its vehicle for Commission inspection to verify regulatory compliance. The compliance order expressly stated that "failure to present the vehicle for inspection will be just cause to withhold the certificate and may result in revocation of said certificate."[1] The vehicle, however, did not pass inspection because J.A.M. failed to produce an owner's card.

J.A.M. never returned for a second inspection, but continued to operate its taxicab service for the next three years until the Commission revoked its certificate for failure to comply with the final inspection requirement. The Commission denied J.A.M.'s subsequent reinstatement petition, concluding that J.A.M. had received adequate notice and thus, there was no excuse for its failure to obtain an owner's card and present its vehicle for inspection during the intervening three years.[2] J.A.M. did not appeal this order, but filed a reconsideration petition instead, claiming that its failure to appear for a final inspection was "human error" and that it would have complied had it received a "second warning."[3] The Commission denied reconsideration on concluding

1. Order of the Pennsylvania Public Utility Commission (order), 1/23/85.

2. Order, 12/30/88.

3. J.A.M.'s petition for reconsideration, paras. 5, 6.

J.A.M. had not raised any new legal arguments not previously addressed.

J.A.M. contends that the Commission erred because there is no evidence to support the findings (1) that J.A.M. did not possess an owner's card, or (2) that it received sufficient notice of the final inspection requirement.

However, this Court's scope of review of a Commission's denial of reconsideration is limited to determining whether the Commission abused its discretion. *Carbonaire Co. v. Pennsylvania Public Utility Commission,* 114 Pa. Commonwealth Ct. 124, 538 A.2d 959 (1988). An abuse of discretion occurs if the agency decision demonstrates bad faith, fraud, capricious action or an abuse of power. *Columbia Gas of Pennsylvania v. Pennsylvania Public Utility Commission,* 112 Pa.Commonwealth Ct. 611, 535 A.2d 1246 (1988). Moreover, in deciding whether to deny reconsideration, the Commission considers whether the petitioner has presented new evidence, changed circumstances, or previously unconsidered law. *Baltimore and Ohio Railroad Co. v. Pennsylvania Public Utility Commission,* 77 Pa.Commonwealth Ct. 381, 465 A.2d 1326 (1983).

The Commission's order denying reconsideration concluded that J.A.M. has raised the same legal and factual questions the Commission had previously resolved when it denied J.A.M.'s reinstatement petition. Our review of the record confirms the Commission's assessment that the issues of adequate notice and inadvertent human error were addressed in the Commission's order denying reinstatement.[4] Thus, because J.A.M. was provided an opportunity to present its case at that time, we must conclude the

---

**4.** Because J.A.M. failed to timely appeal the Commission's reinstatement denial, we are precluded from considering the merits of that order. Pa.R.A.P. 1512(a)(1) allows J.A.M. thirty days to appeal to this Court the Commission's December 22, 1988 order denying reinstatement. Although J.A.M. permissibly chose to file a petition for reconsideration, the filing of that petition did not toll the time for appealing the reinstatement denial. *Columbia Gas.* Thus, J.A.M.'s May 9, 1989 appeal to this Court addressing the Commission's December 22, 1988 reinstatement order was both untimely and an impermissible collateral attack on the merits. *Baltimore and Ohio Railroad.*

Commission did not abuse its discretion in denying reconsideration.

Accordingly, the Commission's order is affirmed.

## ORDER

The Pennsylvania Public Utility Commission order entered April 10, 1989, at A–00104083, F.1, Am–A, TX–441, is affirmed.